# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Gurski *v.* Susquehanna Coal Company, Appellant.

*Workmen's compensation—Injury in course of employment—Referee's finding of fact—Practice, Supreme Court and Compensation Board—Act of June 2, 1915, P. L. 736.*

1. Where a miner met his death from noxious gases in a part of his employer's mine to which he had gone to get tools with which to work, although he had been told not to go into that part of the mine, his death was the result of an accident occurring in the course of his employment within the meaning of the Workmen's Compensation Act of June 2, 1915, P. L. 736, Section 301.

2. A compensation referee should make his findings of fact so comprehensive and explicit as to disclose the full story of the accident, where a question is raised as to whether the accident occurred in the course of decedent's employment.

3. The Workmen's Compensation Board, where there is no hearing de novo, should not find facts in addition to those stated by the referee, but where it does find additional facts and their correctness is conceded by both parties, the Supreme Court may determine the issues involved upon the facts so found.

Argued May 29, 1918. Appeal, No. 89, Jan. T., 1918, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1917, No. 131, reversing judgment of Workmen's Compensation Board in favor of defendant, in case of Julia Gurski v. Susquehanna Coal Company. Before

BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and
SIMPSON, JJ.   Affirmed.

Appeal from Workmen's Compensation Board.   Before STRAUSS, J.

The facts appear by the opinion of the Supreme Court.

The lower court reversed the decision of the Workmen's Compensation Board and affirmed the award by the referee.   Defendant appealed.

*Error assigned* was the judgment of the lower court.

*H. A. Gordon* with him *A. L. Williams,* for appellant.

*Rush Trescott,* with him *Roger J. Dever,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, June 11, 1918:

This is a case under the Act of June 2, 1915, P. L. 736; plaintiff, widow of Frank Gurski, claimed compensation for the death of her husband; the referee found in her favor; the Workmen's Compensation Board reversed; an appeal was taken to the Common Pleas of Luzerne County, which tribunal reversed the board and affirmed the referee; the defendant employer has appealed to this court.

On October 19, 1916, Frank Gurski, a contract miner in the employ of defendant company, died from inhaling noxious gases, which had accumulated in a portion of the latter's mine.   The part of the mine infected by these gases was closed off, marked "danger," and all workmen, including plaintiff's husband, were notified not to enter therein.   Gurski, who worked in the gaseous section of the mine prior to the time it was closed off, had left "his mining machine, and possibly some other tools, there"; about two months subsequent, when engaged in another part of the mine, "at a point 2,600 feet from his former place" of employment, "in the course of

his work, he had occasion to use a mining machine......, and......expressed himself to his fellow workmen that he would go in for his tools to the former working place." On the morning of the accident, Gurski had been notified not to go into the fenced-off portion of the mine; but, "notwithstanding these positive directions and the danger marks on the door and fences, he and his helper went to the place where he had been working [previously], with the declared intention of getting his machine and other tools"; and he died as the result of so doing.

We have taken the above matter from the opinion of Commissioner Scott, of the compensation board, as did the court below; and, on the facts stated, it appears that plaintiff's husband met his death by reason of the harmful condition of his employer's premises, while on his way to fetch tools with which to work—in other words, while he was upon the premises of his employer and acting in furtherance of the latter's business.

We agree with the learned court below that Gurski died from an accident which occurred in the course of his employment within the meaning of the Act of 1915, supra, and that, "though the orders, not to go into the blocked-off portion of the mine, may have been fully understood and appreciated by him, [his departure therefrom] would be but a negligent act on his part"—which does not bar the present claim for compensation: Sec. 301, Act of 1915, supra (p. 738); and Lane v. Horn & Hardart Baking Co., 261 Pa. 329.

In cases of this character, the referee should make his findings of fact so comprehensive and explicit as to disclose the full story of the accident. Here the referee's findings are too meagre, and, since no hearing de novo was held by the compensation board, that body, strictly speaking, should not have found facts in addition to those stated by its subordinate officer, the referee (McCauley v. Imperial Woolen Co., 261 Pa. 312); but this point was not urged in the court below and is not raised here. Moreover, it appears that all parties concede "the

correctness of the statement of facts contained in the opinion of Commissioner Scott," and that "the facts of the case are not in dispute"; therefore, we finally determine the issues involved upon such conceded facts.

The assignments of error are overruled and the judgment is affirmed.