# Tigue v. Forty Fort Coal Company, Appellant.

*Workmen's compensation—Referee's findings of fact—Review by compensation board—Hearing de novo.*

The Workmen's Compensation Board cannot reverse an award of compensation upon an appeal from the referee's findings of fact without a hearing de novo.

Argued April 14, 1919. Appeal, No. 189, Jan. T., 1919, by defendant, from judgment of C. P. Luzerne Co., May T., 1917, No. 810, reversing the decision of the Workmen's Compensation Board, which reversed an award of

compensation made by the Referee in the case of Bridget Tigue v. Forty Fort Coal Company.   Before BROWN, C. J., MOSCHZISKER, FRAZER, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from Workmen's Compensation Board.   Before O'BOYLE, J.

The court reversed the decision of the compensation board and entered judgment in favor of the claimant, according to the recommendation of the referee, that compensation be awarded to the claimant for the death of her husband.   Defendant appealed.

*Errors assigned* were the decree of the court awarding compensation and action of the court in sustaining claimant's appeal from compensation board.

*Benjamin R. Jones,* with him *John R. Wilson,* for appellant.—It was the duty of the court to remand the case to the board with directions to grant a hearing de novo, as contemplated by the statute: Koch v. Phila. & Reading Ry. Co., 5 Dep. Rep. of Penna. 143; O'Shaughnessy v. Dravo Construction Co., 3 Dep. Rep. 8.

*Roger J. Dever,* for appellee.—The compensation board cannot reverse the referee's findings of fact without a hearing de novo: McCauley v. Imperial Woolen Mills Co., 261 Pa. 312.

PER CURIAM, May 5, 1919:

The referee found that at the time claimant's husband, an employee of the defendant, was killed, he was returning from work "on the premises of defendant company," and that "at the time of the accident the decedent was leaving his place of employment by a customary route of going to and from the Four Foot Tunnel to the homes of employees and was along or over the railroad tracks on property of defendant company enclosed by a fence."

From these findings of fact the Forty Fort Coal Company appealed to the compensation board, which reversed the award of the referee, without a hearing, de novo.   This it could not do: McCauley v. Imperial Woolen Company et al., 261 Pa. 312; and the learned court below properly sustained the claimant's appeal to it.

Appeal dismissed and award of referee affirmed.