Eodice *v.* Edw. G. Budd Manufacturing Co., Defendant, American Liability Insurance Company Insurance Carrier, Appellant.

*Workmen's compensation—Injury in course of employment—Negligence of employee.*

In a claim under the Workmen's Compensation Act an award will be sustained when the evidence established that the claimant was in the course of his employment at the time he was injured.

It matters not what the precise details of the accident were, it is sufficient that the claimant was, at the time, in the course of his employment and, in any view of the case, cannot properly be said to have abandoned it.

The claimant's injury may have been due to his negligence but there is no evidence that it was self inflicted. His negligence alone would not bar his right to compensation.

Argued October 5, 1927. Appeal No. 174, October T., 1927, by insurance carrier of defendant from judgment of C. P. No. 1, Philadelphia County, December T., 1925, No. 5174, in the case of Frank Eodice v. Edw.

104    EODICE v. AMER. LIA. INS. CO., Appellant.

Statement of Facts—Opinion of the Court.   [92 Pa. Superior Ct.

G. Budd Manufacturing Company, defendant, American Liability Insurance Company, Insurance Carrier. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Claim for compensation under the Workmen's Compensation Law for injuries. Before BARTLETT, P. J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the award of the Workmen's Compensation Board. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*J. Webster Jones,* and with him *Ralph N. Kellam,* for appellant.—Claimant was in the course of his employment at the time of the accident: Gailey v. Workmen's Compensation Fund et al., 286 Pa. 312; Granville v. The Coal Co., 76 Pa. Superior Ct. 335; Smith v. Corson, 87 N. J. L. 118; Blaker v. Elec. Co., 60 Pa. Superior Ct. 56; Fekete v. Lehigh & Wilkes-Barre Coal Co., 71 Pa. Superior Ct. 233.

*Todd Daniel,* for appellee.—The claimant was not in the course of his employment: Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454; Waite v. Pitts. Limestone Co., 78 Pa. Superior Ct. 7; Blouss v. Del., Lack. & W. R. R. Co., 73 Pa. Superior Ct. 95; Gurski v. Susquehanna Coal Co., 262 Pa. 1; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Malky v. Kiskimenetas Valley Coal Co., 278 Pa. 552; Vorbnoff v. Mest Machine Company, 286 Pa. 199.

OPINION BY TREXLER, J., December 15, 1927:

The plaintiff was employed by the defendant company to push a truck, loaded with materials unfinished

or finished, to or from the operators in defendant's factory. In some way or other, he got his hand into a machine and was injured. He did not give a very consistent narrative as to how the accident happened, but the fact that he was injured is undenied. Prior to the accident, he carried a truck load of material to a machine and unloaded it and immediately thereafter his fingers were caught and crushed.

The appellant contends that the plaintiff, having given inconsistent stories as to how the accident happened, should not be allowed his claim. One story he gave was that in passing the machine, he threw a piece of scrap metal into it and by accident caught his fingers; the other is that in passing the machine, his feet slipped on the treadle and to guard himself, his hand slipped in the die.

It matters not what the precise details of the unfortunate occurrence were, sufficient it is that the claimant was undoubtedly at the time in the course of his employment and in any view of the case, cannot properly be said to have abandoned it. The referee and the Compensation Board very properly came to this conclusion. There was sufficient evidence to establish this fact and that settles the matter. Soule v. McHenry, 286 Pa. 49.

The claimant's injury may have been due to his negligence; there is no evidence that it was self-inflicted. His negligence would not bar his right to compensation. Section 301 of Act of June 2, 1915, P. L. 736; Gurski v. Susquehanna Coal Company, 262 Pa. 1.

The judgment of the lower court is affirmed.