Kubes, Appellant, *v.* Hillman Coal & Coke
Company.

Argued April 15, 1929.

Before Trexler, Keller, Linn, Gawthrop,
Cunningham and Baldrige, JJ.

*Peter P. Jurchak,* for appellant.—Negligence of an employe or neglect to heed the warning or instructions of the employer is not a defense to a claim for compensation under the Workmen's Compensation Act: Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454; Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335; Eodice v. American Liability Ins. Co., 92 Pa. Superior Ct. 103; Gurski v. Susquehanna Coal Co., 262 Pa. 1; Walcofski v. Lehigh Valley Coal Co., 278 Pa. 84.

*Robert M. Steffler,* for appellee.—An employe, when he commits an act contrary to the positive orders of an employer, takes himself out of the course of his employment: Shoffler v. Lehigh Valley Coal Company, 290 Pa. 480; Waite v. Pitts. Limestone Co., 78 Pa. Superior Ct. 7; Palko v. Taylor-McCoy Coal & Coke Co., 289 Pa. 401; Pokis v. Buck Run Coal Co., 286 Pa. 52; Curran v. Vang Const. Co., 286 Pa. 245.

OPINION BY LINN, J., July 2, 1929:

This appeal is from the refusal of Workmen's Compensation. We agree with the referee, the board and the court below that plaintiff is not entitled to an award for reasons that we shall state.

The referee's findings of fact approved by the board and supported by evidence show that plaintiff was a bituminous coal miner. He left his place of work at quitting time on a Saturday. On his return on the following Monday with a fellow workman, Farkas, "they found," in the words of the referee, "that there had

been a cave-in and their tools had been buried under the debris. They made no attempt to remove the tools and did not work until the arrival of George Repasky who qualified on direct examination as fire boss, first rate assistant and second grade mine foreman. When Repasky arrived at the place of the cave-in, it was about nine o'clock and after examining the workings he was of opinion it was dangerous and told both the claimant and Farkas to get out as it was no place for a man; and he further instructed them to go out of the mine and buy tools and come back the next day, ......" "Fourth, after Repasky left the place of the cave-in the claimant and Farkas did not follow Repasky's instructions to go home but instead proceeded to examine the roof of the mine, and noticing a rock that was hanging they set three posts to keep it from falling down and then endeavored to remove their tools from the debris, when more rock fell striking the claimant on the head, inflicting [the injuries in question]."

Article 4, section 9, of the Bituminous Mining Law, 1911, P. L. 756, provides: "The mine foreman shall direct and see that as the miners advance in their excavation all dangerous and doubtful pieces of coal, slate and rock overhead are taken down or at once carefully secured against falling on the workmen. Any workman who neglects to carry out or disobeys the instructions of the mine foreman or his assistant in regard to securing his working place shall be suspended or discharged by the mine foreman and if such negligence or disobedience results in serious injury or loss of life to any person, the mine foreman shall give the name of said workman to the inspector for prosecution in accordance with section 2, article 26 of this act."

Article 4, section 10, provides: "The mine foreman shall give prompt attention to the removal of all

dangers reported to him by his assistants, the fire boss or by any other person working in the mine, and in case it is impracticable to remove the danger at once, he shall notify every person whose safety is menaced thereby to remain away from the portion where the dangerous condition exists ......"

Article 26 imposes penalties for violation of the act. Section 1, (P. L. 830) provides: "That any person who shall intentionally or carelessly ...... disobey any order given in carrying out the provisions of this act, or do any other act whatsoever whereby the lives or the health of the persons employed, or the security of the mine or the machinery, are endangered, shall be deemed guilty of a misdemeanor and shall be punished as provided in section two of this article. Section 2 provides that "Any person who neglects or refuses to perform the duties required of him by this act, or who violates any of the provisions or requirements thereof shall be deemed guilty of a misdemeanor ......"

The referee held that Repasky acted in the performance of his duty under the mining law "by ordering both claimant and Farkas to get out of the mine and go home," and in the circumstances stated, "that claimant disobeyed these instructions, remaining in the mine any trying to remove his tools from the debris ......"

It is settled that a claimant is not entitled to compensation unless he shows injury in the course of his employment as defined in the statute (section 301, 1915, P. L. 738) and the decisions construing it. With exceptions not relevant, injury by accident in the course of employment inter alia, is one "caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the

employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment" 1915, P. L. 739.

It was recently held that "The course of employment does not include (a) injuries received while away from the actual place of employment where the deviation or departure is wholly foreign to the workmen's duties and amounts to an abandonment of employment; (b) injuries received in the commission of an act which is in direct violation of law ......" Schoffler v. L. V. Coal Co., 290 Pa. 480. In that case it appeared that in violation of Rule 25 of the Anthracite Mine Act of 1891, P. L. 176, decedent entered a locomotive and started it and injured himself. When the mine foreman, Repasky, in the case at bar condemned the place as unfit for working and ordered plaintiff out of the mine until next day, he was performing a duty placed upon him by the mining law which statute also put upon the employee the duty of complying with the instruction given and imposed a penalty on him for non-compliance. By remaining and working in and about the condemned area in violation of the instructions required by statute the plaintiff placed himself in the position of one who "shall be suspended or discharged;" the quotations from the statute also show that his violation of the order given to him is, therefore, a misdemeanor; by his conduct, he took himself out of the course of his employment as that term has been defined; he completely abandoned it; he brought himself directly within the rule quoted above from Schoffler's case, disqualifying himself from recovering compensation for "injuries received in the commission of an act which is in direct violation of law."* "Any employee entering the prohibited ground

* On this general subject see the judgments delivered in A. G. Moore & Co. v. Donnelley (1921) 1 A. C. 329.

[prohibited pursuant to statute] severed his relation as a servant of the master; he was no longer in the course of his employment, but was a free agent openly defying the statutes of the Commonwealth. The employee's presence thereon was not 'required by the nature of his employment,' as to this danger zone, he had no employment." Walcofski v. Lehigh V. C. Co., 278 Pa. 84, 87.

It is of course true as appellant contends that an award will not be refused merely because injury occurred while an employee was not actually engaged at his work if there was no abandonment of the "course of employment" (Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454), or while he was not at his immediate working place though on the employer's premises at the time of injury, Granville v. Scranton Coal Co., (76 Pa. Superior Ct. 335), or as the result of his own negligence, Eodice v. Am. Liability Ins. Co., 92 Pa. Superior Ct. 103, or as a result of wilful misconduct, Waite v. Limestone Co., 78 Pa. Superior Ct. 7, or, disobeying employer's instructions of the character considered in the case of Gurski v. Susquehanna Coal Co., 262 Pa. 1. But it is equally true that if the 'course of employment' is broken by the requirement of a statute operating directly on the employment, and on the employee, and if in addition, the 'employer's premises' have by the operation of such statute ceased to be premises on which the employment may be pursued, and injury then occurs because an employe violated statutory provisions prohibiting work in such circumstances, that the injury is not compensable because not sustained in the course of employment on the employer's premises: Walcofski v. Lehigh Coal Co., supra; Schoffler v. Lehigh Coal Co., supra.

The question in this case is in which category has claimant placed himself and the answer is free from

difficulty. It certainly was claimant's statutory duty to obey the order of the fire boss to stay out of his working place until next day; it was a reasonable "order given in carrying out the provisions of this act" (supra); not only that, but his disobedience endangered, within the words of the act, the lives of others employed, (even though Farkas seems to have escaped injury) as well as the security of the mine, also a misdemeanor under article 26. Claimant's conduct is directly within the words of the statute and stands in the way of recovery.

Judgment affirmed.