## Murphy v. Lehigh Coal and Navigation Company.

*Roger Dever*, for plaintiff.
*George M. Roads* and *P. B. Roads*, for defendant.

HOUCK, J., Dec. 23, 1929.—The referee awarded the claimant compensation for disability resulting from injuries sustained on Sept. 10, 1928.  The defendant appealed to the Workmen's Compensation Board, which reversed the award on the ground that the claimant was not in the course of his employment at the time of the accident.  Thereupon the claimant appealed to this

court, assigning three exceptions to the action of the compensation board. As we view it, the appeal involves a question of law only. When reversing the referee, the board affirmed his findings of fact, but set aside his second conclusion of law. As the record now stands, the referee's findings of fact are unchallenged.

The claimant was employed as a coal miner and was injured by a premature explosion of dynamite. The referee found, *inter alia*, as follows: "(2) The claimant had drilled a hole near the roof of the tunnel in which he was working, had charged it with dynamite and had taken the wire connected with the exploder in this charge and hooked it onto the trolley wire that ran along the roof of the tunnel, with the thought of thus discharging the shot. There was no explosion, however. He then hung the wire on a nail driven into the rib and went back to the hole, took the ground wire there attached to the exploder, scraped it off with his finger and placed the wire down again. About this time the explosion occurred, injuring him on the back. It is not known what set off the shot." And "(6) It was a standing rule of the defendant company that no shots should be fired through the instrumentality of a trolley wire. Exploding of a shot by battery was the rule in this mine." There is no finding of fact that the accident was caused by a violation of law by the claimant. It is admitted by him, however, that the explosion occurred while he was attempting to fire a shot in violation of the rules of the company. From the referee's findings of fact, unchallenged, and hence binding upon us, it may be conceded that at the time of the accident the claimant was violating a rule of his employer. The question is then presented whether this violation took him out of the course of his employment. If it did, he is not entitled to compensation. If it did not, he is.

The claimant's contention is that his act did not constitute a violation of law, and, at most, was wilful misconduct which did not break the continuity of his employment. The defendant contends that the rule violated by the claimant was promulgated by the employer in obedience to the provisions of section 4 of the Act approved June 1, 1915, P. L. 712; that this rule is further authorized by section 17 of the Act approved June 8, 1901, P. L. 535, and section 15 of the Act approved May 3, 1905, P. L. 363; and that since the rule was one enacted for the safety of employees and under direct statutory authority, the case falls within the rule of disobedience of a direct statutory requirement.

We are thoroughly satisfied that the rule in question, prohibiting the firing of shots from a trolley wire, is a proper rule adopted for the protection of employees and authorized by statute, but we are not convinced that the rule has the same force and effect as a statutory prohibition, the violation of which is made a misdemeanor. The Anthracite Mine Law, unlike the Bituminous Act, does not make the violation of a rule of the employer a misdemeanor (see Kubes *v.* Hillman Coal and Coke Co., 96 Pa. Superior Ct. 340, where the pertinent sections of the Bituminous Act are discussed). The statutes referred to above, relied upon by the defendant to give the rule in question the effect of a statutory enactment, do not accomplish that result. Section 17 of the Act of 1901 simply gives the mine inspector the right to make suggestions providing for the safety of persons employed in a mine. Even had it been found as a fact that the mine inspector suggested that firing be by battery only, there is nothing in the act to give the suggestion the force and effect of a statute. The same comment applies to the Act of 1905. This act makes it the duty of the mine inspector to see that every necessary precaution is taken to secure the safety of workmen and that the provisions of the Anthracite

Mine Law are observed and obeyed. The Act of 1915 provides that the owner, operator and superintendent of a mine shall use every precaution to insure the safety of the workmen in all cases, whether provided for in the Anthracite Mine Act of June 2, 1891, P. L. 176, or not. Consequently, since the rule does not have the effect of a statutory requirement, the violation of which is a misdemeanor, this case does not involve the question of the commission of an illegal act, and cases holding that such an act takes the employee out of the course of his employment are inapplicable.

The case must rest upon the bare proposition that the employee's violation of a rule took him out of the course of his employment. The board, in reversing the referee, relied upon Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480. In that case, by way of *dictum*, the Supreme Court said " 'course of employment' does not include . . . (c) an act contrary to the positive orders of the employer. . . . The employee, by his own act, breaks the continuity of employment, and becomes, for that time, a trespasser." Under this pronouncement, of course, the claimant in the present case would not be entitled to compensation. Exactly what the Supreme Court meant, however, has been indicated in Dickey v. Pittsburgh & Lake Erie R. R. Co., 297 Pa. 172. Justice Kephart, referring to the excerpt from the Shoffler case quoted above, said: "It was not our intention to deny recovery under the Workmen's Compensation Act for all violations of positive orders, and the cause mentioned in clause (c) as taking the employee out of the course of employment must be considered in connection with the facts in the cases to which it relates. . . . Care must be taken not to confuse the principle enunciated with negligent acts (Gurski v. Susquehanna Coal Co., 262 Pa. 1), wilful misconduct (Waite v. Pittsburgh Limestone Co., 78 Pa. Superior Ct. 7), or those acts in disregard of positive orders of the employer, where the employee's duties included the doing of the act that caused the injury, or where his duties were so connected with the act that caused the injury that, as to it, he was not in the position of a stranger or trespasser. The violation of positive orders under these circumstances does not prohibit compensation for injuries sustained therefrom." The opinion proceeds to point out that the violation of rules declared against are those concerning instrumentalities, places or things about or on which the employee has no duty to perform, and with which his employment does not connect him. Illustrating the different classes, the Supreme Court says that an engineer running through a red signal, while guilty of wilful misconduct, is, nevertheless, in the course of his employment. But a brakeman, who has no duty to perform on the engine, who gets upon it and starts it, contrary to the rules of the company, is not in the course of his employment. It seems, therefore, that a violation of positive orders does not break the continuity of employment unless the violation of the rule or order involves stepping aside from the employment and doing something foreign thereto. In other words, in the absence of a criminal act, wilful misconduct or disobedience of rules does not break the continuity of employment if the employee is actually performing the duties he was engaged to perform. Such an employee is entitled to compensation because he is in the course of his employment, and his right to recover is expressly given in the Compensation Act.

In order to determine the legal question involved in this appeal, it is only necessary to refer to the referee's unchallenged findings of fact to ascertain whether the employee's act, in the doing of which he was injured, was so connected with his duties that, as to that act, he was not in the position of a stranger or trespasser. A coal miner is required to fire shots, and the claimant in this case was attempting to fire a shot when injured. The manner in

which he did the act may have been negligent, and certainly it was done in disobedience of positive orders, but it was not a criminal act. Hence, although the claimant was guilty of wilful misconduct, nevertheless, he was in the course of his employment when injured. He was not in the position of a stranger or trespasser. His duties included the doing of the act that caused the injury. It follows that he is entitled to compensation.

The action of the Workmen's Compensation Board is reversed, the award of the referee is reinstated and affirmed, and the prothonotary is directed to enter judgment in favor of the claimant and against the defendant in the sum of $231.11, covering compensation to Jan. 9, 1929, compensation thereafter to be paid in accordance with the referee's award.

From M. M. Burke, Shenandoah, Pa.