## Palla, Appellant, *v.* Glen Alden Coal Company.

Argued March 9, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*E. C. Marianelli,* for appellant.

*J. H. Oliver,* and *Franklin B. Gelder,* for appellee.

Opinion by Trexler, P. J., May 4, 1932:

This is a compensation case. The referee found as follows: On July 24, 1930, the claimant having finished his shift, was leaving the mines in which he was employed by using what was called Hoban's Slope and was struck by a rope which was in operation at the time hauling cars of coal and rock; he sustained a fractured right leg and was disabled; the men who worked in the four foot vein at the Diamond Colliery were forbidden to use the Hoban Slope in coming to or going from work, but were to enter the mines on the Diamond drift into the four foot vein; at the time of the injury, claimant was violating positive instructions which concerned a matter designed for the safety and protection of the employees of the defendant company and he was not in the course of his employment and was on a forbidden portion of the property. These findings are supported by the testimony and the conclusion reached by the referee was properly sustained by the board and by the court below.

The testimony of the claimant himself shows that he

and the other employees had been notified and instructed nine months prior to the accident not to use Hoban Slope. The claimant was present when these orders were given.

The plaintiff had no duty to perform on the place of the accident or in connection with the operation of the mine at that time. He was no more than a trespasser when he violated the positive rule and entered forbidden parts of the owner's premises about which his presence was not required. He forfeited any right for compensation, for he was no longer in the course of his employment: Dickey v. Pittsburgh & Lake Erie R. R. Co., 297 Pa. 172.

The attempt to show that there was permissive use of this slope and the acquiescence of the official of the mine in a violation of the rules, failed, for claimant's witness testifies that when the grievance committee saw the superintendent they all knew the superintendent could not commit himself to acquiesce in their use of the slope, because he would be violating the law in so doing.

The distinction between cases where recovery has been allowed and those in which it has been denied is plainly drawn by our Brother GAWTHROP in Walker v. Quemahoning Coal Co., 99 Pa. Superior Ct. 252. The employee had an authorized and recognized way to leave the mine and he had no duty which required him to be in the locality where he was when he was injured. We think the case was rightly decided.

The judgment is affirmed.