### Barkanich v. Jeddo-Highland Coal Company, Appellant.

146

Argued March 9, 1932.

Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*John H. Bigelow,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY GAWTHROP, J., May 4, 1932:

The facts of this case are not in dispute. Claimant was employed as a door boy in defendant's coal mine. His duties required him to open six doors located on various gangways. He was permitted to ride on the train of mine cars from one door to another, but was instructed to ride on the motor at the rear of the train and not to ride between the cars or on the front end of the train. At the time of the accident he was riding on the front end of a train of empty mine cars

in disobedience of the positive instructions of his employer. The car on which he was riding became derailed and the result was that claimant sustained the loss of his hand for industrial purposes. The referee awarded compensation. This action was sustained by the board and the court below, and this appeal by defendant followed.

The sole question presented is whether or not claimant's wilful breach of the positive instructions of his employer that he should not ride on the cars or on the front end of the train prohibits him from recovering compensation. The court below sustained the award upon the authority of Dickey v. Pittsburgh & Lake Erie R. R. Co., 297 Pa. 172, and Walker v. Quemahoning Coal Co., 99 Pa. Superior Ct. 252. The able counsel for appellant contends that those cases are distinguishable from this case. He observes that in the Walker case there had been merely a violation of a notice, most general in character, prohibiting the use of fuse in blasting, while in the case at bar there had been a positive defiance and transgression of a peremptory order to the claimant not to ride on the front of the train; that this order had been directly communicated to claimant upon a number of occasions; that he had been driven frequently from the front of the train by the engineer of the locomotive which was pushing the trip, and had been warned that if he attempted to ride on the front of the train again he would be reported for insubordination. The effort is made to draw a distinction between cases involving a transgression of a general order and those which embrace a positive defiance of a direction not to do a specific thing, on the ground that the former may be termed mere negligence while the latter amounts to gross insubordination. It is urged that there is no decision of the Supreme Court or this court in which the employee was permitted to recover compensation while acting in defiance of a specific command not to

do a certain thing. This argument is not without considerable force, but it is not supported by the precedents.

In the Walker case the claimant in using a fuse to fire a shot was violating not only posted notices prohibiting the use of fuse in the mine but also positive instructions given to him by the superintendent of the mine, that the practice of using fuse must be broken up. In sustaining the award we followed what we believe to be the clear effect of the reasoning of Mr. Justice KEPHART in the Dickey case, and said: "Although in the method of performing the act he (claimant) was acting in defiance of his employer's orders, he was not 'in the position of a stranger or trespasser' and was not acting in violation of law." The Dickey case is authority for the proposition that injuries resulting from acts which are in direct hostility to and in defiance of positive orders of the employer are compensable if the employee's duties include the doing of the act that caused the injury, or where his duties were so connected with the act that caused the injury that, as to it, he was not in the position of a stranger or trespasser.

We adopt the following reasoning in the opinion of the court below. "The riding of the cars was a part of his duty as door tender and at the time of his injury he was disregarding the positive orders of his employer in riding on the front end of the trip, and there was sufficient evidence upon which to base the findings of fact of the referee and the board, that his conduct was negligent and a wilful misconduct in the performance of his duties, which was held insufficient in Gurski v. Susquehanna Coal Co., 262 Pa. 1, and Waite v. Pittsburgh Limestone Co., 78 Pa. Superior Ct. 7, to prevent compensation." Under our compensation law a forfeiture of compensation does not result from the employee's "wilful misconduct": Blouss

v. D. L. & W. R. R. Co., 73 Pa. Superior Ct. 95. It follows that the court below was right in sustaining the award.

Judgment affirmed.