Menendes *v.* Dravo Construction Co. et al.,
Appellants.

Argued April 17, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE,
STADTFELD, PARKER and JAMES, JJ.

*John H. Sorg,* and with him *Mitinger & Mitinger,* for appellants.

No appearance and no printed brief for appellee.

OPINION BY KELLER, J., July 14, 1933:

The claimant employe in this case was very negligent in attempting to use the belt conveyor at which he was working, loading sacks of cement to be transported thereon from the lower deck to the upper deck of the barge, as a means of conveyance for himself—a sort of rude escalator—in going from the lower to the upper deck for a drink of water, while so at work. But negligence—even gross negligence—does not deprive a workman of compensation for injury received from an accident while in the course of his employment: Workmen's Compensation Act of 1915, Sec. 301, p. 738; Gurski v. Susquehanna Coal Co., 262 Pa. 1, 3. 104 Atl. 801; Dzikowska v. Superior Steel Co., 259 Pa. 578, 583, 103 Atl. 351.

The circumstances of the case do not warrant a finding that he had abandoned his employment or was doing, at the time of the accident and its resultant injury, anything more than taking a negligent short cut upstairs for the purpose of getting a drink of water, intending to return to his work as soon as he had quenched his thirst.

It is therefore distinguishable from the cases relied on by appellant, Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480, 483, 139 Atl. 192; Dickey v. P. & L. E. R. Co., 297 Pa. 172, 146 Atl. 543; Palla v. Glen Alden Coal Co., 105 Pa. Superior Ct. 96, 160 Atl. 157, and like cases; and is more akin to Dzikowska v. Superior Steel Co., supra; Blouss v. D. L. & W. R. Co., 73 Pa. Superior Ct. 95; Waite v. Pittsburgh Limestone Co., 78 Pa. Superior Ct. 7; Siglin v. Armour & Co., 261 Pa. 30, 103 Atl. 991, and similar cases.

No violation of statute, or even of the orders of the employer, is involved in this case.

The judgment is affirmed.