Jenkins, Appellant, *v.* Glen Alden Coal Company.

Argued March 2, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Roger J. Dever,* for appellant.

*Franklin B. Gelder,* with him *J. H. Oliver,* for appellee.

OPINION BY BALDRIGE, J., April 15, 1937:

The question before us in this workmen's compensation case is: Was the claimant injured while in the course of his employment?

The claimant, an engineer on a mechanical loader, after completing his day's duties, which included the dropping of loaded cars to a place in the mine where they were taken to the colliery by a motor, boarded the motor to ride to the foot of the shaft, where he would leave the mine. The referee found that the claimant

had violated positive orders of his foreman in riding the motor, and disallowed compensation. The board, upon appeal, reversed the referee, and, upon competent evidence, found as follows: "That on March 8, 1935, the claimant assisted in getting a trip of loaded cars ready; that he was not compelled to so do, nor was it his duty, but he was accustomed to assist in this work; that after assembling the trip he boarded the motor and rode a distance of approximately 3,000 feet at which point he jumped from the motor breaking his leg and dislocating his hip; that a company rule prohibited all employees except motormen, brakemen and doormen from riding motors, but such rules were not conspicuously posted, nor was the claimant instructed verbally, or otherwise, as to their meaning, although he admitted a vague knowledge thereof."

The court below reversed the board's conclusions and entered judgment for defendant.

Section 301, article III, of the Workmen's Compensation Act of June 2, 1915, P. L. 736 (77 PS §411), provides that the term "injury" by an accident in the course of employment embraces all injuries received while the employee is actually engaged in furthering the business of the employer or received on the premises of the employer, subject to the limitation that the employee's presence ordinarily must be required at the place of the injury, or, if not so required, the employee's departure from his usual place of employment must not amount to abandonment of the employment or be an act wholly foreign to his usual work.

In *Shoffler v. Lehigh Coal Co.*, 290 Pa. 480, 484, 139 A. 192, Mr. Justice KEPHART stated that "injuries suffered in the course of his employment do not include (a) injuries received while away from the actual place of employment, where the deviation or departure is wholly foreign to his duties, and amounts to an abandonment of employment; (b) injuries received in the

commission of an act which is in direct violation of the law; or (c) an act contrary to the positive orders of the employer."

Let us apply these tests to the facts before us.

(1) We may start with the assertion, which we think is based on a sound legal foundation, that the claimant in riding on the motor to get to the bottom of the shaft was not engaged in the commission of an act wholly foreign to his employment; going out of the mine was incidental thereto. The nature and place of his work required him to use this passageway. He was following an authorized and recognized route and was therefore at the time of the injury where he not only had the right, but necessarily at some time had, to be, to get off the employer's premises. True, his day's duties had ended, but actual work does not have the same meaning as "course of employment." Hours of employment are not confined to the period for which services are paid; they may extend beyond that time. The claimant's employment did not end until a reasonable opportunity had been afforded him to leave his employer's premises: *Malky v. Kiskiminetas Valley Coal Co.*, 278 Pa. 552, 555, 123 A. 505. In *Tigue v. Forty Fort Coal Co.*, 264 Pa. 590, 107 A. 862, an employee, returning home, was killed in using "Four Foot Tunnel," which was the customary route of the employees in going to their homes. The court, in a per curiam opinion, held that he was on the premises of the company, and his widow was awarded compensation. We have held that an employee does not take himself out of the course of his employment if he is injured on the employer's premises while seeking fresh air or shelter, going after his dinner pail, etc.: *Blouss v. D. L. & W. R. R. Co.*, 73 Pa. Superior Ct. 95.

In the present circumstances, it cannot be said that the claimant at the time of the accident had so wholly disassociated himself from his employment as to be regarded a stranger or a trespasser. If the injury had

occurred while he was walking in the mine, on his way home, we think it could not be successfully contended that he forfeited his right to compensation. Riding the motor, which, as we will later point out, was not an unlawful act, was, in itself, not such a departure from the claimant's employment as would deprive him of compensation.

(2) The Anthracite Mine Act of June 2, 1891, P. L. 176, does not prohibit an employee from riding on a motor. In that respect, this case may be readily differentiated from the soft coal mining cases, of which *Beshenick v. Pitts. Term. Corp.*, 110 Pa. Superior Ct. 156, 167 A. 416, and *Chulick v. Logan Coal Co.*, 113 Pa. Superior Ct. 551, 173 A. 862, are examples. The claimants in those cases were denied compensation because they violated the provisions of the Bituminous Mine Act of June 9, 1911, P. L. 756, and General Rule 27, article XXV, thereof (52 PS §1307), which, in part, is as follows: "No person shall travel to and from his work except by the traveling way assigned for that purpose."

As the claimant's injuries were not received in the commission of an act prohibited by law, he is not debarred from his right to receive compensation under sub-head (b).

(3) That brings us to the question whether the claimant's right to compensation is defeated because his act was contrary to positive orders of his employer. The Supreme Court, in *Dickey v. Pittsburgh & L. E. R. R.*, 297 Pa. 172, 174, 146 A. 543, limited, to an extent, the application of the rule set forth in *Shoffler v. Lehigh Valley Coal Co.*, supra, under sub-head (c), and held that injuries resulting from acts which are negligent, or constitute wilful misconduct, or are in direct hostility to and in defiance of positive orders of the employer, are compensable if the employee's duties include the doing of the act that caused the injury, or

were so connected with the act that as to it he was not in the position of a stranger or trespasser. See, also, *Gurski v. Susquehanna Coal Co.*, 262 Pa. 1, 104 A. 801; *Barkanich v. Jeddo-Highland Coal Co.*, 105 Pa. Superior Ct. 145, 160 A. 137.

Furthermore, the board was amply warranted in finding that notice forbidding claimant to ride on a motor was not given to him or posted. A copy of the rule was not offered in evidence, nor were the provisions thereof read into the record. The only testimony relating to this matter was of the claimant and was as follows: "Q. You knew there was a company rule which forbade you riding on motors? A. I heard them say that. Q. You knew there was such a rule, didn't you? A. Yes." This did not conclusively establish any service or posting of notice. In the most favorable aspect for defendant, that question was one of fact for the determination of the compensation authorities.

*Morucci v. Susquehanna Col. Co.*, 297 Pa. 508, 147 A. 533, and *Leacock v. Susquehanna Col. Co.*, 98 Pa. Superior Ct. 581, cited by the appellant, are not applicable. The claimants in these cases were injured when returning home from work. They were out of the mines and had left the premises of the employers. The court held therefore that in such instances the relation of master and servant had ceased to exist.

The careful consideration we have given this record has convinced us that the claimant brought himself within the requirements of the Workmen's Compensation Act by establishing with competent testimony that at the time of the accident he was engaged in the course of his employment and is therefore entitled to compensation.

Judgment of the lower court is reversed and the record is remitted with instruction to enter judgment on the award. See *Graham v. Hillman Coal & Coke Co.*, 122 Pa. Superior Ct. 579, 186 A. 400.