## Rolling, Appellant, *v.* Jeddo-Highland Coal Company.

Argued March 6, 1939.

154

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

Roger J. Dever, for appellant.

John H. Bigelow, for appellee.

OPINION BY CUNNINGHAM, J., June 27, 1939:

The parties to this compensation case apparently are more concerned with the legal problems involved than with the amount of compensation claimed by the appellant employee—$15 per week from May 6 to June 8, 1934.

Claimant's employment with the defendant company was that of a mine roadman. On the morning of April 28, 1934, while riding to his work at its Jeddo No. 4 Shaft upon a "lokey" (locomotive) and tender he was injured when they collided, several thousand feet from the shaft, with a train coming from the opposite direction. That morning he had walked from his house, located on defendant's mining property, to its blacksmith shop, approximately three thousand feet from the shaft, where he placed his tools, which had been left there for sharpening, in the tender of the lokey and boarded it himself to ride to the mine entrance.

The ultimate question involved upon this appeal is whether the claimant was in the "course of his employment" at the time of his injury, within the meaning of Section 301 of our Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §411.

The ground upon which the defendant denied claimant was in the course of his employment when injured was that in riding upon the lokey he was acting in defiance of positive orders of his employer concerning an instrumentality upon which he had no duty to perform and with which his employment did not connect him.

The referee, upon consideration of the testimony adduced before him, found, in effect, that claimant's injuries were received in the commission of "an act contrary to the positive orders of [his] employer," within the meaning of the decision of our Supreme Court in *Shoffler v. Lehigh Valley Coal Co.*, 290 Pa. 480, 488, 139 A. 192, and accordingly disallowed the claim. In other words, the finding of the referee was that this claimant had no more business upon the lokey or tender than had the brakeman in that case upon the engine.

Upon the same evidence, the board, citing and evidently relying upon *Dickey v. Pittsburgh & Lake Erie R. R. Co.*, 297 Pa. 172, 146 A. 543, as a modification of the Shoffler case, reversed the referee and made an award.

The foundation upon which the board rested its award was thus stated: "Claimant had a duty to perform at this place, that is, put his tools on the lokey."

It is not clear, under the testimony, that it was the duty of claimant to place his tools on the lokey, if he was unable or did not care to carry them, but it was customary for employees to do so. These findings of the board fall far short, however, of a finding that claimant had any duty to perform in or about the lokey which required him to board or ride upon it. The conclusion of the board seems to us to have resulted from

a misconception upon its part of the extent of the restriction placed by the Dickey case upon the general language of one paragraph in the Shoffler opinion.

The language of the Shoffler case in this connection (p. 484) is: " 'Course of employment' does not include (a) ......; (b) injuries received in the commission of an act which is in direct violation of the law; or (c) an act contrary to the positive orders of the employer."

The clarification and restriction placed upon paragraph (c) as above quoted, by the Dickey case (p. 175) reads: "Care must be taken not to confuse the principle enunciated with negligent acts, wilful misconduct, or those acts in disregard of positive orders of the employer where the employee's *duties included the doing of the act that caused the injury,* or where his duties were so connected with the act that caused the injury that, as to it, he was not in the position of a stranger; or trespasser. The violation of positive orders under these circumstances does not prohibit compensation for injuries sustained therefrom." (Italics supplied).

The distinction was reinforced by this paragraph (p. 175) from the Dickey case: "However, injuries resulting from those acts which are in direct hostility to and in defiance of positive orders of the employer concerning instrumentalities, places or things about or on which the employee has no duty to perform, and with which his employment does not connect him, are not compensable under the clause in question."

As illustrations of cases in which the violation of positive orders did not prevent recovery of compensation, see *Barkanich v. Jeddo-Highland Coal Co.,* 105 Pa. Superior Ct. 145, 160 A. 137, and *Walker v. Quemahoning Coal Co.,* 99 Pa. Superior Ct. 252. Reference may also be made to *Rich Hill Coal Company et al. v. Bashore,* 334 Pa. 449, 72d A. 302, in which the Supreme Court, speaking through Mr. Justice MAXEY, held the legislature cannot constitutionally "provide for com-

pensation to employees whose injuries do not arise in the course of employment."

Upon the appeal of the defendant to the court below its exceptions to the action of the board were sustained and judgment was entered in its favor. The present appeal is by the claimant from that judgment.

In addition to the above stated grounds, the board made a substituted finding of fact that claimant "in riding on the locomotive from the blacksmith shop to the shaft was not violating the positive orders of the defendant." This finding is not supported by any evidence upon the record. The following statement from the opinion of the late President Judge of the court below, McLEAN, accurately summarizes the evidence: "The uncontradicted testimony established the positive orders of the employer that men were not permitted to ride upon the train and that these orders were communicated to claimant."

In view of the reference in the Dickey case to orders of an employer "concerning instrumentalities, places or things about or on which the employee has no duty to perform, and with which his employment does not connect him," it should be noted in this case that claimant's work was to be performed on the inside of the mine.

When claimant boarded the instrumentality upon which he was injured he placed himself where he had no business to be; he had no duty to perform there, nor were the duties for which he had been employed closely connected with his act of riding on the train.

We adopt this excerpt from the opinion below: "In the instant case claimant was permitted to place his tools in the train but was not permitted to ride upon it. Manifestly claimant's riding upon the train was not connected in any way with his right to place his tools thereon, and claimant, while thus upon the train was in the position of a stranger or trespasser and his

injuries sustained while so engaged are not compensable."

It was there suggested that the evidence disclosed claimant was not in the course of his employment when injured for the additional reason that he had not then arrived at the employer's "premises," as distinguished from its property, but was riding to work, upon his own account and upon a train where his presence was not required by the nature of his employment. See *Morucci v. Susquehanna Collieries Co.*, 297 Pa. 508, 147 A. 533.

It is assumed in claimant's statement of the question involved that the blacksmith shop was on the "premises." As the compensation authorities made no finding upon this question, we prefer to dispose of the case upon the ground of such a violation of positive orders as took the claimant out of the course of his employment, even if it be granted he was then on the employer's premises.

Judgment affirmed.

DISSENTING OPINION BY KELLER, P. J.:

Judge Rhodes and I dissent, and are of the opinion that the judgment should have been reversed and the award of the board sustained.

In our view this case is distinguished from the Shoffler case, on which the majority opinion relies, by reason of the fact that in that case the employee brakeman at the time of the injury was not merely riding on the engine but *attempting to operate it*. It was this latter fact that took him out of his employment.