## Koscavage, Appellant, *v.* Glen Alden Coal Company.

Argued March 1, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Roger J. Dever,* for appellant.

*Franklin B. Gelder,* with him *J. H. Oliver,* for appellee.

OPINION BY KENWORTHEY, J., April 13, 1943:

The question is whether the workmen's compensation board's second conclusion of law and award of compensation are consistent with its findings of fact. The court below reversed the award and entered judgment for the employer on the ground that the death of claimant's decedent was caused by his violation of Article XII, Rule 25 of the Anthracite Mine Law of June 2, 1891, P. L. 176, 52 PS §296, which provides: "Any person or persons who shall knowingly or wilfully ...... handle without proper authority, or disturb any machinery or cars ...... shall be guilty of an offense against this Act." [1]

The facts established by the findings of the board are briefly as follows: On February 27, 1940, decedent, employed in defendant's mine as a road cleaner, mounted an electric motor used for towing cars, turned on the power and started it. A sudden flash of light appeared in the motor, whereupon he jumped and the motor ran over his body instantly killing him. Previous to the accident, decedent's section foreman had asked

---

[1] The employer also contends he violated Rule 48 (52 PS §455) which provides: "No miner or laborer shall run cars out of any breast or chamber or on any gravity road, unless he is a suitable person, employed by the mine foreman for that particular work ......" But in our opinion the record fails to indicate any real effort to prove it.

him "if he knew anything about motors, and when advised that he did not, told the decedent that he should not touch the motors." [2]

If this were the entire case, clearly it would be ruled by *Kozak v. Joseph Reilly Coal Company*, 141 Pa. Superior Ct. 413, 15 A. (2d) 531, and similar authorities. For, although we have often held that a violation of express orders does not take an employe outside the scope of his employment where his duties are so connected with the act that caused the injury that, as to it, he was not in the position of a stranger or trespasser, [3] we are permitted no such liberality where the act that causes the injury is a violation of law regarding which the Workmen's Compensation Law expressly provides "that no compensation shall be paid when the injury or death is ...... caused by the employe's violation of law ......" Act of June 21, 1939, P. L. 520 §1, 77 PS §431. A violation of law is a bar to recovery whether or not it is in furtherance of the employer's business. *Shoffler v. Lehigh Valley Coal Co.*, 290 Pa. 480, 139 A. 192. And here the act of decedent was more than a mere violation of the section foreman's order not to touch the motors; the order had the effect of making the act a violation of law since it was "without proper authority."

The board found that workmen other than the regular motormen occasionally operated the motor and the real controversy revolves about an item of testimony elicited by appellant's counsel on cross-examination. The section foreman was asked: "Q. And you say you

---

[2] Finding of Fact No. 5 of the workmen's compensation board.

[3] *Barkanich v. Jeddo-Highland Coal Co.*, 105 Pa. Superior Ct. 145, 160 A. 137; *Karchut v. Helvetia Coal Mining Co.*, 110 Pa. Superior Ct. 200, 168 A. 375; *Lewis v. Pittsburgh Terminal Coal Corp.*, 113 Pa. Superior Ct. 540, 173 A. 859; *Jenkins v. Glen Alden Coal Co.*, 126 Pa. Superior Ct. 326, 191 A. 227; *Tappato v. Teplick & Eisenberg Co.*, 133 Pa. Superior Ct. 231, 2 A. (2d) 545.

asked him [decedent] if he knew anything about motors? A. I did. Q. If he did it would be all right for him to run the motor a little bit? A. A little bit, yes."

In its opinion, the board concluded: "From this, it would appear that the decedent was invested with authority to operate the motor, *if he felt qualified and competent to do so.*" (Italics supplied). The court below said: "From this testimony the Board spelled out an authority to run the motor a 'little bit.' In the face of the previous testimony of the witness, that he had questioned the deceased as to his knowledge of motors, and that he had replied that he knew nothing about them, and the further positive testimony that he had instructed him not to touch the motors, this finding is unwarranted. The only interpretation which can be given to this testimony is that if the deceased knew anything about motors it would be all right for him to operate them 'a little bit,' but that if he knew nothing about them, he was not to operate them at all."

We agree with the court. The statement of the witness was not that, if decedent *thought* himself competent, but that if in fact he *did* know something about them, he would be permitted to operate the motor. The question and answer were based on a non-factual hypothesis and as such were wholly irrelevant. It would have been equally irrelevant to have asked the section foreman whether decedent would have been permitted to operate the motor if he had been the regular motorman. The point is he was neither the regular motorman nor an ordinary workman with requisite knowledge and experience.

The judgment is affirmed.