Conley, Appellant, v. Pittsburgh Coal Co.

Argued April 19, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John B. Nicklas, Jr.,* with him *McCrady, Nicklas & Hirschfield,* for appellant.

*David C. Chaplin,* with him *Rose & Eichenauer,* for appellee.

OPINION BY ROSS, J., July 19, 1945:

This is an appeal from an order of the County Court of Allegheny County which sustained an order of the Workmen's Compensation Board reversing an award by the referee in favor of the claimant, Merle Conley, on the ground that the claimant was not actually engaged in the furtherance of the business or affairs of his employer as defined in Section 301, Article 3 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS, paragraph 411.

The sole question in the case is whether the claimant was in the course of his employment when injured; and that is a question of law and, as such, open to review by this Court. *Poffinberger v. Martin Company,* 83 Pa. Superior Ct. 524; *Callihan v. Montgomery,* 272 Pa. 56, 115 A. 889; *Maguire v. James Lees & Sons Company,* 273 Pa. 85, 116 A. 679; *Messer v. Manufacturers L. & H. Company,* 263 Pa. 5, 106 A. 85; *Krapf v. Arthur,* 95 Pa. Superior Ct. 468.

The claimant started to work for Pittsburgh Coal Company in its Library shop June 1, 1942. He was hired as a machinist's apprentice and was to clean parts in the jenny room. His hours of work were from 8 A.M. to 4:30 P.M. He was paid 55 cents an hour plus bonus. On June 11, 1942, at about 4:15 o'clock in the afternoon, the claimant left the jenny room and went to assist a fellow employee, Jesse Clifton, who was filing copper discs at his bench 25 or 30 feet away. Clifton had but three or four discs lying on his work bench. The claim-

ant wanted to get more from another part of the shop. A battery truck used for hauling parts around the shop was parked between Clifton's work bench and the supply of discs. The claimant, Conley, attempted to move the battery truck, threw it into reverse instead of forward gear, and crushed his leg between the truck and the wall when the truck backed, sustaining a fracture of the left leg.

Clifton was the regular operator of the battery truck but it was admitted that there were no orders issued against anyone else driving it. Clifton's job, besides operating the truck, was to file the copper discs, after which they were cleaned by the claimant in the jenny room.

In this case we have the question of whether the activity in which the claimant was engaged at the time of the accident was so foreign to and removed from his usual employment as to constitute an abandonment thereof. An injury to be compensable does not have to arise out of the employment; it need only occur in the course of it. *Dzikowska v. Superior Steel Company,* 259 Pa. 578, 103 A. 351; *Lane v. Horn & Hardart Baking Company,* 261 Pa. 329, 104 A. 615. An employee may be doing something other than the exact work assigned to him, and he may not be strictly at his assigned work, either as to time or place, yet the continuity of the employment is not broken unless such activity is wholly foreign to his employment or constitutes an abandonment thereof. *Hale v. Savage Fire Brick Company,* 75 Pa. Superior Ct. 454; *Granville v. Scranton Coal Company,* 76 Pa. Superior Ct. 335; *McAdams v. Pearson & Ludascher,* 92 Pa. Superior Ct. 152.

The basis for the reversal of the referee by the board is stated in the opinion as follows: "A careful review of all of the evidence in this case inclines us to the belief that the claimant, at the time of his accident and injury, was engaged in a task utterly foreign to his usual and customary employment. There is no indication that any

duty rested upon this claimant to leave his place of employment in the plant and go into another section for the purpose of helping a fellow employee in a task completely different from that which he had been employed. Moreover, it appears that no necessity existed for the moving of the battery truck from the position in which it had been left by the workmen whose duty it was to drive it. Such a course of conduct was, in our opinion, a voluntary deviation and abandonment of the claimant's employment whereby he forfeited all right to compensation for any injury which might overtake him as a result thereof."

The claimant was not doing the exact work assigned to him and was not strictly at his assigned work as to place, yet his activity in helping his fellow employee speed up the work of filing the metal discs was not an abandonment of his employment or foreign to it. The evidence shows that Conley had to clean the discs after Clifton filed them. It shows further that on the day preceding the accident Conley had assisted Clifton for "around" two hours. The claimant testified that he didn't have any parts to clean in the jenny room and for that reason went to help Clifton, who "helped me in the jenny room whenever I was busy". In view of the fact that claimant's compensation was an hourly rate "plus bonus" he was, no doubt, also interested in assisting Clifton so that more discs would be available for cleaning. The moving of the electric truck was incidental to obtaining more discs and in moving it any negligence of which the claimant might have been guilty is not material, for negligence does not deprive a workman from compensation for injury received in an accident while in the course of his employment. *Gurski v. Susquehanna Coal Company*, 262 Pa. 1, 104 A. 801; *Menendes v. Dravo Construction Company et al.*, 109 Pa. Superior Ct. 224, 167 A. 423.

In *Haywood v. Henrietta Coal Company et al.*, 118 Pa. Superior Ct. 371, 180 A. 34, the claimant, a coal

miner, went over to a fellow employee's heading to help him fire a shot. The charge prematurely exploded and the claimant was injured. This Court, speaking through RHODES, J., stated: "When injured, the claimant in the case at bar was on the premises of his employer during regular working hours, and engaged in the furtherance of the business of his employer by doing the same kind of work he was hired to do. The fact that he left the particular place at which he was working and walked 60 feet distant to assist another miner, during a short interval, in return for the latter's helping him, cannot properly be held an activity wholly foreign to his employment, or an abandonment of his employment. An employee may be doing something other than the exact work assigned to him, and he may not be strictly at his assigned work either as to time or place; yet the continuity of the employment is not broken unless such activity is wholly foreign to his employment or constitutes an abandonment thereof." Cf. cases cited therein.

In considering the legal aspect of the question, whether or not underlying facts reported by the referee are sufficient to bring the case within the definition of the phrase "course of employment" in our compensation Act, we are required to keep in mind the liberal construction that the courts place upon this statutory definition. *Haddock v. Edgewater Steel Company et al.*, 263 Pa. 120, 106 A. 196; *Dzikowska v. Superior Steel Company*, supra; *Dunphy v. Augustinian College of Villanova*, 129 Pa. Superior Ct. 262, 195 A. 782. The incident necessary to constitute a break in the course of employment must be of pronounced character. *Shoffler v. Lehigh Valley Coal Company*, 290 Pa. 480, 139 A. 192.

The claimant at the time of the accident was on the premises of his employer during his regular working hours. He was not a trespasser; he violated no law and he violated no positive or express orders of his employer. We are of the opinion that he had not abandoned his employment but, when injured, was in the course of his

employment furthering the business of his employer, and is entitled to compensation.

The order of the court below is reversed and record remitted with direction to the court below to enter judgment for the claimant on the award of the referee.