Pensak *v.* Peerless Oil Company, Appellant.

Argued January 24, 1933. Before Frazer, C. J., Kep-hart, Schaffer, Maxey, Drew and Linn, JJ.

*James K. Peck*, with him *Ralph W. Rymer*, for appellant, cited: Schulte v. Cab Co., 104 Pa. Superior Ct. 130; Kauffman v. Nelson, 225 Pa. 174; Halpert v. Earnshaw, 304 Pa. 95.

*David J. Reedy*, with him *Myer Kabatchnick*, for appellee, cited: Rosenthal v. Phonograph Co., 274 Pa. 236; Johnson v. French, 291 Pa. 437; Anderson v. Wood, 264 Pa. 98; Gilles v. Leas, 282 Pa. 318; McGurk v. Belmont, 297 Pa. 192; King v. Brillhart, 271 Pa. 301; Robb v. Cab Co., 283 Pa. 454; Lamont v. Express Co., 264 Pa. 17.

Opinion by Mr. Justice Schaffer, April 10, 1933:

Plaintiff, while crossing one of the busiest streets in the City of Scranton, was struck and injured by defendant's truck. He recovered a verdict, upon which judgment was entered. Defendant appeals, contending that plaintiff was guilty of contributory negligence, that he heedlessly walked into the side of the truck. Our reading of the testimony does not convince us that he did. On the contrary, even under defendant's own testimony, we think the question of plaintiff's contributory negligence was for the jury.

The accident occurred where the intersection of Sixth Avenue and Lackawanna Avenue forms a wide space, a sort of plaza. Its south boundary is the freight station of the Central Railroad of New Jersey. Plaintiff had visited this station, had descended the steps from its platform, and started to walk across the plaza, on what was described by some of the witnesses as a crossing, although in fact there was no defined crossing. It was, however, the customary place for pedestrians to cross. He had proceeded some ten or twelve feet in the highway, when the truck, which came from his rear on Lackawanna Avenue, at a speed estimated by one of the witnesses to be twenty miles an hour, turned with a "sharp arc" to the right to enter Sixth Avenue and struck him. Plaintiff testified that before starting across the street he looked in both directions and saw nothing, that he was not aware of the truck until it made the sudden right turn and was upon him. It was a clear afternoon and it would not have been difficult for the driver of the truck to see and avoid plaintiff if, as he made the turn and approached the crossing, his truck had been under proper control. What we said in Rosenthal v. Phila. Phonograph Co., 274 Pa. 236, 238, is pertinent to the situation now before us. "Plaintiff was at a place upon the highway where he had a right to be, and it was the duty of defendant's driver, in making the turn from one street into the other to be observant, and act with the due caution such circumstances make requisite. ......
Plaintiff had committed himself to the crossing, and had the right to believe passing vehicles would have due regard for the safety of those moving forward." Pedestrians have the right to cross the street at crossings, and in doing so rely on drivers of motor vehicles not to run them down: Johnson v. French, 291 Pa. 437.

The jury itemized their verdict as follows: "Hospital and doctor's bills, $1,269.85; wages, $1,572.50; pain and suffering, $2,650; total of $5,492.35." The item, wages $1,572.50, cannot be sustained. It is based on a loss of

salary during the time plaintiff was incapacitated. But he did not lose any salary. It was paid to him. True, he says it was a gift. He was one of the owners of the business, the other owners were his father and brother. His salary was $85 per week and he received it. Characterizing as a gift the money paid to him does not make it so. To permit a recovery of money under the guise of wages lost would, with the facts as they here appear, open a wide door to misrepresentation and fraud in this class of cases.

It is, therefore, ordered that the judgment in the court below be modified by striking out of it the amount awarded for wages. As thus modified, it is affirmed.