Kuzmick, Appellant, *v.* Hudson Coal Company.

Argued March 6, 1939.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and Rhodes, JJ.

*Roger J. Dever,* for appellant.

*Rudolph S. Houck,* for appellee.

Opinion by Parker, J., April 12, 1939:

We agree with the conclusion of the board and the court below in this workmen's compensation case that claimant's decedent took himself out of the course of his employment with defendant by disobedience to the positive orders of his employer in interfering with an instrumentality away from his actual place of employment and by performing an act wholly foreign to his employment. The board found the underlying facts against the claimant and there is ample evidence to support such findings. It follows that the claimant is not entitled to compensation.

The board found that for more than three years Metro Kuzmick was employed to unload and burn old ties and timbers which were brought to a switch in mine cars;

that it was also one of his duties to keep coal pickers and other trespassers off the company's premises in the vicinity of his place of work and away from the trains of mine cars; that he had received positive orders and understood that he was to keep away from the trains of mine cars or trips and, particularly that he was not to interfere if there were any cuts or breaks in the trains, as an experienced brakeman was provided whose duty it was to take care of any such cuts; that notwithstanding such orders, when decedent noticed a coupling between two mine cars, part of a train of thirty-eight cars drawn by an engine and passing on the main track, was dragging, he boarded the moving train, replaced the coupling and as he jumped from the car was run over and fatally injured; that in the operation of these trains of mine cars, the couplings frequently became disconnected or unhooked and the train was regularly stopped near where the decedent was employed and it was then inspected for cuts by the brakeman; and that the fact that the coupling was loose or dragging did not constitute an emergency entailing danger to life, limb or property.

"Where an employee violates a positive rule as to entering forbidden parts of the owner's premises about which he has no duty to perform, or disobeys instructions against starting machinery or other dangerous agencies with which his work is not connected, and with which he has no business, and an injury results, he not only violates the orders of his employer, but is in the position of a trespasser, who without right, authority or permission enters forbidden ground": *Dickey v. Pgh. & L. E. R. R. Co.*, 297 Pa. 172, 176, 146 A. 543.

"Care must be taken not to confuse the principle enunciated, with negligent acts *(Gurski v. Susquehanna Coal Co.*, 262 Pa. 1), wilful misconduct *(Waite v. Pittsburgh Limestone Co.*, 78 Pa. Superior Ct. 7), or those acts in disregard of positive orders of the employer where the employee's duties included the doing of the

act that caused the injury, or where his duties were so connected with the act that caused the injury that, as to it, he was not in the position of a stranger or trespasser. The violation of positive orders under these circumstances does not prohibit compensation for injuries sustained therefrom": Ibid., p. 175. For further cases illustrating the distinctions to be observed in considering cases of this character see *Shoffler v. Lehigh V. C. Co.*, 290 Pa. 480, 139 A. 192; *Barkanich v. Jeddo-Highland Coal Co.*, 105 Pa. Superior Ct. 145, 160 A. 137; *Chulick v. Logan Coal Co.*, 113 Pa. Superior Ct. 551, 173 A. 862; *Robertson v. Rieder & Sons*, 114 Pa. Superior Ct. 518, 174 A. 604.

The decedent attempted to do an act which was in direct hostility to and in defiance of positive orders of the employer concerning instrumentalities as to which and places where the employee had no duty to perform. The employer had hired another to perform that act and that person was at the proper place to perform that duty. Decedent voluntarily exposed himself to a needless danger as to a matter in no way related to his prescribed duties. The act which he undertook to perform when he met with the fatal accident was outside of and foreign to the scope of his employment and as a result the claimant is not entitled to compensation.

The appellant argues that the decedent acted in a sudden emergency in the interest of his employer and that the rule stated should therefore not be applied. This argument falls with the finding of fact by the board that there was no sudden emergency which entailed danger to either life, limb or property justifying his action.

The judgment of the court below is affirmed.