## Young et al. *v.* State Workmen's Insurance Fund et al., Appellants.

406

Argued October 25, 1939.

Before Keller, P. J., Cunningham, Baldrige, Stadt-feld, Parker, Rhodes and Hirt, JJ.

*S. H. Torchia,* with him *Claude T. Reno,* Attorney

General, *Ralph H. Behney* and *John T. Logan,* for appellants.

*William S. Bailey,* with him *J. Paul Rupp,* of *Bailey & Rupp,* for appellees.

OPINION BY RHODES, J., November 15, 1939:

In this workmen's compensation case the referee made an award to claimants, parents of deceased, for partial dependency. This was sustained by the board and the court below. The insurance carrier has appealed to this court, and the only question which has been raised is whether deceased, a member of the Pennsylvania National Guard, disregarded positive orders of his employer, and consequently was not in the course of his employment at the time of his accidental death. See Act of June 2, 1915, P. L. 736, art. 3, §301, 77 PS §411.

Deceased was a private in Headquarters Troop, 104th Cavalry, Pennsylvania National Guard. On Monday evening, September 13, 1937, deceased and other members of the troop met for regular drill at the Harrisburg Military Post, 14th and Calder Streets, Harrisburg. At this meeting an oral order was given to the effect that they were to proceed to the rifle range at Indiantown Gap, Pa., on Saturday, the 18th, for the purpose of firing on Sunday, the 19th, and that "they would utilize government transportation issued to [the captain of the troop] to make a journey to the rifle range on Saturday." The members of the troop were given three different times to report on Saturday, the 18th, and deceased reported at 9 p. m. He changed from civilian clothes into military uniform, and proceeded on his own motorcycle by a direct route toward the rifle range at Indiantown Gap. He was involved in an automobile accident, at 20th and Herr Streets, Harrisburg, while enroute, receiving injuries from which he died the next day.

Previously members of this troop provided their own transportation.

The findings of fact made by the referee and affirmed by the board, material to the issue, were as follows:

"Fourth: That on September 18 [13], 1937, the deceased was ordered by his superior officer to report to the Rifle Range at Indiantown Gap, Pennsylvania for drill practice, and while en route, travelling on his own motorcycle, was struck by an automobile which failed to heed a stop sign, suffering injuries from which he died at the Harrisburg Hospital the following day, September 19, 1937.

"Fifth: That on the evening of September 13, 1937, at the regular drill practice the decedent's commanding officer, Captain Hubert Thornber, had issued orders to the members of the National Guard to report on Saturday afternoon, September 18, 1937, at the military post for uniforms and transportation would be furnished from there to the Rifle Range at Indiantown Gap, Pennsylvania. That on this particular evening September 18, 1937 the deceased, instead of getting on one of the trucks provided for this purpose, used his own motorcycle. While such transportation was to be furnished, there is no evidence in the record that the deceased was forbidden to use his own means of transportation."

We have held that the burden of proof rests upon the employer to show a violation of orders on the part of an employee. *Molek v. W. J. Rainey, Inc.*, 120 Pa. Superior Ct. 95, 101, 181 A. 841. In the instant case we do not think that this burden has been met, and we are of the opinion that the competent testimony sustains the factual findings of the compensation authorities, and that such findings support the conclusion that deceased was accidentally killed while in the course of his employment. The main object of the order which was given to the members of the troop was to have them report at Indiantown Gap for rifle practice on

Sunday, the 19th. The troop was not obliged to gather and proceed in a body; the testimony discloses that they could report at the post at different times on Saturday evening. A corporal was in charge, and no check was made as to whether the men who reported were on the trucks when they left the military post in Harrisburg. If any member had been left behind by the trucks, we think that it would have been his duty to proceed to Indiantown Gap by motorcycle or otherwise to report there as directed. Equivocal instructions are not the equivalent of positive orders. The oral instructions given to the troop as to transportation on Monday, September 13th, were not positive or clear. Orders that were given five days before they were to be followed should at least have been explicit, direct, and positive. Neither on the 13th nor at any time prior thereto had orders been given that members of the troop were not permitted to furnish their own transportation from the military post to the rifle range as theretofore. If there was to be a complete change in such practice, the order on the 13th called for something more explicit than the testimony discloses. The language of the order, in so far as it can be ascertained from the record, did not carry a clear prohibition against the use of such means of transportation as had been used before this time by members of the troop; nor can it be said to have conveyed with certainty to the members of the troop, including deceased, knowledge that government furnished transportation only must be used on the occasion in question.

The positive part of the order issued to the troop was to report at Indiantown Gap for rifle practice. This order, at the time of deceased's death, he was endeavoring to observe. The method of transportation that could be used to reach his destination is open to question. At least, there is no positive instruction in this connection that deceased failed to observe, the non-

observance of which would take him out of the course of his employment.

Appellant relies upon *Dickey v. Pittsburgh & Lake Erie R. Co.,* 297 Pa. 172, 146 A. 543, and *Chulick v. Logan Coal Co.,* 113 Pa. Superior Ct. 551, 173 A. 862. In both of those cases positive orders had been issued to the employees which they failed to obey. An examination of the facts in those cases will disclose that the conclusions reached are not controlling in the instant case.

Deceased in the present case was following his instructions and performing his duty in a manner that was not so clearly prohibited as to take him out of the course of his employment. Under the circumstances it may be said that deceased's duties included the doing of the act that caused the fatal injury, although it may have been intended but not specifically expressed that the method of transportation which he used was to be prohibited. See *Barkanich v. Jeddo-Highland Coal Co.,* 105 Pa. Superior Ct. 145, 160 A. 137.

Judgment is affirmed.