## Herberich, to use, v. Sheinman

*Victor Frey*, for plaintiff.
*Edward C. Duffy*, for defendant.

LEWIS, J., October 30, 1939.—This is a motion for judgment notwithstanding the verdict on a special finding of fact in favor of the City of Philadelphia, use-plaintiff, in a motor vehicle case.

The individual plaintiff originally brought suit against defendant to recover damages for personal injury to plaintiff, who, while in the performance of his duty as a police officer on a public highway in Philadelphia, was struck by an automobile being operated by defendant. There was evidence at the trial that injuries sustained by plaintiff incapacitated him for 35 days from performing the duties of his employment as a police officer, and that, under the Act of June 28, 1935, P. L. 477, the city was required to and did pay plaintiff his full compensation during his "disability."

After the suit was begun, the City of Philadelphia was allowed to intervene as use-plaintiff, claiming the right to subrogation to the extent of its outlay in this connection, and the jury was instructed to, and did make a special finding of fact with regard to the claim of the city as such use-plaintiff. This special verdict was returned in favor of the city in the amount that the evidence showed the city paid to the individual plaintiff during the period of his disability. On motion for judgment notwithstanding the special verdict the argument was as to whether the city might lawfully be subrogated as against defendant to the extent of the compensation it was required by statute to pay plaintiff.

All agree that The Workmen's Compensation Act of June 2, 1915, P. L. 736, has no application to the facts of the case at bar.

We have now no doubt we erred in permitting the city to intervene and in the subsequent procedure, including the submission to the jury of the special issue as to the city.

The legislation which required the city to pay plaintiff (Act of 1935, supra) makes no provision for recovery by the city of the amounts paid, either by subrogation or otherwise, and the city's liability for the payment is not dependent upon the cause of the disability or whether or not occasioned by an actionable wrong. So far as here pertinent, it provides only that any policeman "who is

injured in the performance of his duties and by reason thereof is temporarily incapacitated from performing his duties, shall be paid by the municipality, by which he is employed, his full rate of compensation until the disability arising therefrom has ceased." Medical and hospital bills incurred in connection with such injury are also to be paid by the municipality.

Between the city and the officer, the former's liability is thus determined in accordance with the statute, and the sole factors creating it are injury in the performance of duties and a resulting temporary incapacity from performing such duties. The statute, it is true, does operate to prevent the officer from recovering from defendant damages which he otherwise might recover for loss of earnings from his employment during his disability (Pensak v. Peerless Oil Co., 311 Pa. 207), but the measure of damages for such loss would be the effect of the injury upon earning power during disability, which is not necessarily the same as the "full rate of compensation" paid by the city.

The city's liability to the police officer under the act is not relieved by a showing of only partial disability; the officer need only be "temporarily incapacitated from performing his duties" as an officer. Without the act, the officer would be able to recover only for actual loss or diminution of earning power, and incapacity to perform a special kind of service does not, of course, necessarily mean that all earning power is destroyed. The ability to do many other kinds of work might be unimpaired. Whether the city or officer claims damages for loss of his earning power, defendant must be permitted an opportunity to show that no loss, or only partial loss, therein was sustained. As the legal plaintiff sustained no loss through the effect of the injury upon earning power, and hence, under the Pensak case, could make no claim in that respect, there is no right to damages to which the city use-plaintiff can be subrogated. This alone is sufficient to determine the case now before us.

The city may well have a separate cause of action. The loss of services of an employe through injury wrongfully inflicted by another was as early as the time of Queen Elizabeth recognized as a cause of action separate and distinct from the claim of the employe himself for damages arising out of the injury.

[Here the court cited cases and 39 C. J. §§1604-05, to the effect that at common law a master has a right of action for negligent injury to his servant; that the servant's separate right of action is not barred by a recovery in an action brought by the master for his loss; and the English case of Attorney-General v. Valle-Jones, 2 L. R. K. B. 209 (1935), in which a very interesting opinion was written by Mr. Justice MacKinnon. In the latter case it was held that the Crown could maintain a separate right of action against a defendant through whose negligence two aircraftsmen had been injured, and whose compensation the Crown had paid during their disability. It was further held there, according to the syllabus, that the Crown could only recover such an amount as the men themselves would have been entitled to receive for the loss of earning capacity and medical expenses had the Crown not initially made payment.]

The claim of the city herein is different from the employe's claim at common law. Such rights being different, involving distinctly varying proofs, the city cannot base its claim for reimbursement of an outlay required by a statute upon subrogation to a claim for loss or diminution of earning power.

The cases cited by the city in its brief have been examined, but none of them requires a different conclusion. The City of Philadelphia should not have been permitted to intervene as use-plaintiff, and the special verdict in its favor must therefore be set aside and judgment thereon rendered in favor of defendant notwithstanding such special verdict.

It is so ordered.