## Kostello *v.* Kostello, Appellant.

Argued April 17, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Robert W. Smith, Jr.,* with him *William M. Kahano-witz* and *Smith, Best & Horn,* for appellant.

*Max M. Bergad,* for appellee.

OPINION BY ARNOLD, J., July 19, 1946:

In this workmen's compensation case it is not disputed that claimant's husband was killed May 11, 1943, by carbon monoxide gas emanating from an internal combustion engine operating a water pump. The engine and pump were in the coal mine of the defendant: the premises of the alleged employer. It is not disputed that the decedent entered the mine to repair or adjust this machinery: to further defendant's business.

The referee and board found the decedent was an employe acting within the scope of his duties when overcome by the carbon monoxide, and awarded compensation, which was affirmed by the court below and defendant appealed.

The burden was on the claimant to establish that her husband was an employe of defendant on May 11, 1943, the date of the accident. The triers of the facts having found, on this issue, in favor of the party having the burden of proof, the only question is whether there was substantial competent evidence to sustain that finding. There was. The claimant and four disinterested witnesses [1] so testified.

Appellant alleges that the mine was "shut down" after April 30, 1943. This fact did not appear in claimant's case. However, in any event, the "shut-down" was only in regard to producing coal, and the defendant kept the pumps running, and the claimant's decedent was

---

[1] A mine inspector, two fellow employes and a school director to whose school decedent delivered coal for defendant.

engaged therein at the time of the accident, i. e., in the furtherance of that day's business of the employer. It was not necessary for the claimant to show that decedent worked every day, but only to show that he was an employe and working at the time of the accident.

Therefore, when the case passed to the defendant, if the evidence adduced was believed by the triers (as it was believed), claimant was entitled to an award unless defendant offered a defense which was believed.

The appellant alleged that decedent entered the mine on May 11, 1943, in violation of the express, actual and positive orders of defendant, and that that testimony was uncontradicted. A violation of positive orders is an affirmative defense, and the burden of proof is upon the defendant: *Young v. State Workmen's Insurance Fund,* 137 Pa. Superior Ct. 405, 9 A. 2d 198; *Molek v. W. J. Rainey, Inc.,* 120 Pa. Superior Ct. 95, 101, 181 A. 841.

Where the triers of the facts refuse to find facts in favor of the party having the burden of proof, the question on review is not whether competent evidence would sustain such a finding if made, but whether there was a capricious disregard of competent evidence in the refusal so to find: *Kline v. Kiehl,* 157 Pa. Superior Ct. 392, 43 A. 2d 616.

The triers made no findings establishing the facts of this defense of "violation of positive orders." In other words, the testimony of the defendant and his son was not believed. It is true that their testimony was uncontradicted but there is not and can never be a rule that the triers of the facts (either an administrative body or jury) *must* accept as true uncontradicted oral evidence: *Kline v. Kiehl,* 157 Pa. Superior Ct. 392, 43 A. 2d 616; *Schrock v. Stonycreek Coal Company et al.,* 152 Pa. Superior Ct. 599, 33 A. 2d 522 (in workmen's compensation cases); *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (in a jury trial).

The referee and board were quite justified in not accepting the defendant's evidence. He had a strong motive to testify as he did, in that he did not carry insurance. On the issue of whether decedent was an employe he had been contradicted by four disinterested witnesses. He claimed that the decedent only "fooled around" the mine operation, and had not been an employe but, intermittently, a volunteer. He claimed the decedent was drunk on May 11 (a violation of the bituminous mine regulations), but the physician who examined the body found no odor of alcohol. He showed hatred for the widow-claimant that had existed for years. These and many other factors rendered his evidence highly dubious. The evidence of defendant's son, Frank, bore some of these same defects. It is difficult to believe that the defendant and his son could not have prevented, physically if need be, the decedent entering the mine which they testified was a dangerous thing to do, and which they claimed they had told the decedent.

Judgment affirmed.