Sullivan, Appellant, *v.* National Tube Company.

Argued November 12, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Ellen K. Sullivan,* in propria persona.

*Sherman T. Rock,* with him *Reed, Smith, Shaw & McClay,* for appellee.

PER CURIAM, January 14, 1949:

This is an appeal by claimant from the affirmance by the court below of the order of disallowance made by the Workmen's Compensation Board.

Claimant filed a claim petition on March 9, 1945, in which she alleged that she was injured on August 27, 1944, while in the course of her employment, when she fell and fractured her coccyx, and injured her right knee and the back of her head.

After hearing, the referee disallowed compensation for the reason that claimant had failed to prove that disability resulting from an alleged back condition was in any way the result of or associated with the injury sustained by her on August 27, 1944. On appeal the board stated there was a question whether in this accident of August 27, 1944, claimant also suffered an injury to her coccyx, fracturing the same and necessitating operative treatment. The medical testimony was conflicting, and the board deemed it advisable to remand the case to the referee in order that an impartial medical

expert might be heard. Dr. John S. Donaldson was accordingly designated by the board as the examining physician. At the rehearing, he testified that, in his opinion, after examination of claimant, there was no indication that her accidental injury on August 27, 1944, was in any way responsible for her present complaints, and that her condition was due to "postural strain with early mild hypertrophic changes in the lower cervical region," unrelated to the alleged accident. The board adopted the findings of fact and conclusions of law of the referee and affirmed the order of disallowance. Claimant appealed to the County Court of Allegheny County, which affirmed the board. She thereupon appealed to this Court.

Claimant appeared before us on her own behalf and made a moving appeal, but the findings of the compensation authorities, the result largely of her own testimony, require an affirmance of the judgment entered in favor of defendant.

At the first hearing before the referee, claimant testified that while walking down the aisle in defendant's plant she fell on a temporary gas line; that she "fell on both knees"; that she "hit the right knee hard"; and that she had fallen to the floor on her face. Claimant also testified that on November 10, 1944, she suffered pains in her back and headaches which seemed to produce a disabling condition. She continued to work until that date. Dr. John A. Heberling, a medical witness for defendant, testified that claimant had a sacralization of the fifth lumbar vertebra, a congenital condition, and a weak back due to congenital malformation and arthritis, which conditions were the cause of any disability from which she may have suffered, and that a person falling as claimant did would not injure her coccyx. Dr. Donaldson, the impartial medical expert who testified at the rehearing, found that there was a congenital abnormality in claimant's back, that there was no evidence of injury, and that there was no indication that her injury on

August 27, 1944, was in any way responsible for her present condition. Dr. A. S. Browdie testified that the condition of claimant's coccyx was due to the accident of August 27, 1944, and Dr. S. Itscoitz attributed her present disability to that accident. Claimant, at the rehearing before the referee, changed her description of the manner of her fall, which, as originally given, did not indicate a back injury, and testified that after her fall she fell over on her back against a rough floor. This was not consistent with the testimony given by her at the first hearing before the referee. Aside from her testimony there was no evidence of direct trauma to her coccyx; the medical testimony indicated that trauma was necessary to produce the condition of which she complained in that respect.

Our statement in *Kline v. Kiehl*, 157 Pa. Superior Ct. 392, 396, 43 A. 2d 616, 618, is applicable and controlling: "Bearing in mind the prerogatives of the board as the ultimate fact-finding body, it is beyond the province of the courts to pass upon the credibility of the witnesses and the weight of the testimony. The board may accept or reject, in whole or in part, the testimony of any witness; and the credibility and the weight of testimony of one who qualifies as an expert are not reviewable as a matter of law. Williams v. Susquehanna Collieries Co., 148 Pa. Superior Ct. 540, 544, 25 A. 2d 751."

In finding against claimant, who had the burden of proof, the board did not act capriciously, nor were its findings inconsistent with each other or with its conclusions of law and its order. We are unable to find any capricious disregard of the competent evidence. See *Kostello v. Kostello*, 159 Pa. Superior Ct. 194, 196, 48 A. 2d 25.

Judgment of the court below is affirmed.