Palady, Appellant, *v.* Reliance Steel Products Company et al.

Argued April 18, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

Samuel Milliken, with him Edward P. Curran, for appellant.

Daniel S. Newman, with him Dickie, Robinson & McCamey, for appellees.

OPINION BY RHODES, P. J., July 15, 1949:

In this workmen's compensation case the referee dismissed the claim petition. Claimant appealed to the Workmen's Compensation Board which remanded the case to the referee in order that the testimony of an impartial expert might be presented. The referee again dismissed the claim petition and claimant again appealed to the board. The board adopted the findings of fact and conclusions of law of the referee and affirmed the order of disallowance. On appeal to the County Court of Allegheny County the Court affirmed the board. Claimant has appealed to this Court.

The case presents a purely factual issue which has been resolved against the claimant by the compensation authorities. We may not disturb the findings of fact when, as here, they are supported by competent evidence sufficient to justify the findings. Lusk v. Monongahela City Water Co., 164 Pa. Superior Ct. 354, 64 A. 2d 670. "Bearing in mind the prerogatives of the board as the ultimate fact-finding body, it is beyond the province of the courts to pass upon the credibility of the witnesses and the weight of the testimony. The board may accept or reject, in whole or in part, the testimony of any witness; and the credibility and the weight of testimony of one who qualifies as an expert are not reviewable as a matter of law": Kline v. Kiehl, 157 Pa. Superior Ct. 392, 396, 43 A. 2d 616, 618.

The determinative finding of fact reads as follows:

"Fifth. That the decedent came to his death on September 27, 1943 as the result of coronary thrombosis, which was not, in the opinion of your Referee, the result of any accidental occurrence sustained by the decedent while in the employ of the defendant."

The testimony shows that claimant's husband was employed by defendant, Reliance Steel Products Company, as a shearman's helper. On September 27, 1943, the shearman was engaged in cutting lengths of "expanded metal" which had the appearance of grating with diamond-shaped mesh. It was deceased's duty to carry away the pieces cut by the shearing machine and to stack them in piles 30 to 36 inches in height on the shop floor. The shearman ordered deceased to get some blocks to support a new pile of the material which they were about to cut; three or four minutes later another employee discovered deceased lying on his back with his head resting against one of the piles. There is a conflict in the testimony as to whether or not deceased was living or dead at this time. One of the employees testified that he examined deceased and could find no pulse. The McKeesport Hospital, in response to an emergency call received at 8:50 a.m., sent an ambulance which arrived at the plant at approximately 9:05 a.m. The ambulance aide examined deceased and found neither pulse nor heart beat. It having been reported to Dr. William Hutchinson that deceased was apparently dead, the ambulance was dismissed, and Dr. Hutchinson went to the plant to examine deceased personally. He arrived about 9:15 a.m. and made a tentative diagnosis of death from cerebral hemorrhage. An autopsy was performed two days later on September 29th by Dr. Theodore R. Helmbold which definitely established that the cause of death was thrombosis of the anterior descending branch of the left coronary artery with occlusion.

It is conceded that deceased died of coronary occlusion. But claimant contends that her husband accidentally fell, while in the course of his employment, against the pile of jagged metal thereby sustaining lacerations of the scalp; and that the injury to the scalp brought about a condition of shock which in turn either precipitated or accelerated the coronary occlusion.

The first contention is based entirely upon inferences to be drawn from circumstantial facts upon which the testimony is in sharp conflict. Witnesses for claimant testified that when deceased was first found one trouser leg was entangled with or impaled upon the jagged points of the cut metal. There was other testimony that deceased's clothing was not caught on anything. Had the compensation authorities accepted this testimony of claimant's witnesses, they might well have inferred that deceased's trouser leg accidentally became caught upon the steel or cut metal, causing him to trip and fall against the pile, sustaining lacerations of the scalp. Such fact, however, had it been found, would not be sufficient to prove a compensable claim. A causal relation between the lacerations and the coronary occlusion was also necessary.

Claimant, in support of the second contention, presented two medical witnesses, Dr. Joseph C. Wiley and Dr. Paul H. Franklin. They testified that the lacerations, accompanied by free and copious loss of blood, could, and in their opinion did, cause shock and thereby precipitate or accelerate the coronary occlusion. This was contradicted by the testimony of lay and expert witnesses. Claimant's witnesses testified that there was a large quantity of blood on the floor where deceased was picked up; there was other testimony that the quantity was insignificant. Dr. Paul Gross, the impartial medical expert, stated that the autopsy finding that the internal organs were congested negatived the loss of any considerable amount of blood. He pointed out that in cases

of shock the heart is found dilated at autopsy; whereas here the heart was found contracted or in systole. He further stated that the formation of a thrombus, such as that revealed in this case by the autopsy findings, would require hours to complete, and that any shock resulting from the fall could not have played any part in precipitating or aggravating the thrombosis because the time elapsing between the fall and death was too short.

We are unable to find that there was any capricious disregard of competent evidence by the board. See *Kostello v. Kostello*, 159 Pa. Superior Ct. 194, 196, 48 A. 2d 25; *Sullivan v. National Tube Co.*, 163 Pa. Superior Ct. 560, 563, 63 A. 2d 111.

The judgment of the court below is affirmed.