## Schwoerer *v.* Philadelphia et al., Appellants.

Argued March 29, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*William K. Ravetz,* with him *James Francis Ryan,* Assistant City Solicitors and *Frank F. Truscott,* City Solicitor, for City of Philadelphia, appellant.

*Richard A. Smith,* for Emiddio Leva, appellant.

*W. Glenn George,* for Edward P. Biggans, Jr., appellee.

*James H. Lyons,* with him *Michael A. Foley,* for Richard C. Schwoerer, Jr., appellee.

OPINION BY ARNOLD, J., July 20, 1950:

Plaintiff sued the City of Philadelphia for damages sustained when he drove his car into an unprotected ditch extending across his side of the cartway of a public street. The city brought in as an additional defendant (1) Emiddio Leva,[1] who dug and maintained the ditch, and also (2) Edward P. Biggans, Jr., a plumber to whom the city had issued a permit to break the street. The jury rendered a verdict for the plaintiff against the city, with liability over to it from Leva. Biggans was exonerated.

From the judgment entered in favor of the plaintiff the city appealed in No. 108. From the judgment absolving Biggans the city likewise appealed in No. 107.

In No. 88 Leva appealed from the judgment entered in favor of the plaintiff; and in No. 93 likewise appealed from the judgment for liability over to the city for the amount of the plaintiff's verdict. All the appeals were argued together and will be disposed of in one opinion.

The verdict for the plaintiff against the city established the following facts:

The plaintiff, at about midnight, was operating his automobile in a Northerly direction on Wynnefield Avenue, a public street paved with "blacktop." Plaintiff's vehicle dropped into a ditch extending twelve feet across the street and on the plaintiff's side of the cartway. This ditch was approximately 3-1/2 feet wide and 7 feet deep. The plaintiff was driving at about 20 miles per hour and was giving close attention. The

---

[1] Trading as Leva Brothers.

brakes of his car were in proper condition. To him the open ditch appeared as shadow, and he did not discover that it was, in fact, a ditch until too close to avoid the accident. It was a dark night, visibility was bad, and rain was falling, which rendered an earlier determination more difficult. There were present no barriers, lights, or other warning of the ditch, although after the accident there were found two unlit red lamps on the cartway near the ditch. After the accident the front of plaintiff's car was undamaged,—hence he did not drive through any barrier.

The plaintiff was not guilty of contributory negligence as a matter of law. He was not bound to anticipate the presence of the unguarded ditch. At most the defendant was only entitled to have the question of contributory negligence determined by the jury: *Schofield, Admr. v. Druschel,* 359 Pa. 630, 634, 59 A. 2d 919.

The city offered evidence that 15 minutes before the accident barriers and lights guarded the ditch; that therefore it had neither actual nor constructive notice of the danger; and hence was not liable. But this evidence was oral, and the jury was not bound to believe it, even if uncontradicted: *Kostello v. Kostello,* 159 Pa. Superior Ct. 194, 196, 48 A. 2d 25; *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523. Incidentally, the city's evidence in this regard was weakened by cross-examination. The city was therefore not entitled to judgment non obstante.

We are of the opinion that the comments of the trial judge, concerning the testimony of police officers called by the city, were proper and well within his province.

The city further complains that the verdict for the plaintiff must be reduced because, inter alia, he was awarded $250 for loss of earnings,—on the theory that

plaintiff did not suffer such a loss as his wages were paid him during his disability, citing *Pensak v. Peerless Oil Company*, 311 Pa. 207, 166 A. 792. The plaintiff's testimony was that he had done *no* work nor rendered *any* service to his employer at any time during the period of disability. Since the plaintiff rendered to his employer no service of any kind (during the period of disability), the sums paid to the plaintiff by his employer *must* be a gift or gratuity. Whether a plaintiff may recover loss of wages from a tortfeasor where the injured party has been paid the wages by his employer is to be determined by the evidence. The rule of law is clear: if the payments by the employer were a gratuity or gift, claimant may recover for loss of wages against a third party tortfeasor. The generosity of the employer does not redound to the benefit of the wrongdoer. See *Quigley v. Pennsylvania Railroad Company*, 210 Pa. 162, 168, 59 A. 958; *Rundle v. Slate Belt Electric Street Railway Company*, 33 Pa. Superior Ct. 233. Under the facts presented here the plaintiff was entitled to recover the loss of wages, just as the city-defendant would not have the benefit of payments made to the plaintiff under any accident or hospital insurance policy of his.

In Appeal No. 107 the city complains of the verdict in favor of Edward P. Biggans, an additional defendant. The city issued a permit to Biggans to open the street. In that permit Biggans contracted with the city: "The permittee [Biggans] *agrees* to be responsible for all injuries to persons or damage to property which may be caused by this work. . ." Wynnefield Gardens, Inc. was the general contractor on a house building project abutting on the street in question. Leva was a sub-contractor under the Wynnefield Gardens contractor, as was Biggans, the plumber. Biggans' subcontract for the plumbing work did not include excavating in the street, which was to be done

by Leva, who actually did dig the ditch. The city's evidence indicated that only a plumber can obtain a permit to make openings in the street. In an action of tort an additional defendant is not liable over where the alleged liability arises by virtue of a contract of indemnity: *Dively v. Penn-Pittsburgh Corporation et al.*, 332 Pa. 65, 71, 2 A 2d 831. Biggans' liability, if any, being contractual, the verdict in his favor must be sustained.

In Appeal No. 88 Leva complains concerning the refusal of his motion for judgment non obstante. Leva was no more entitled to such a judgment than was the city, and we have previously, in this opinion, treated that question fully. All of the contentions of Leva that the plaintiff was not entitled to recover are based upon evidence given *on behalf of the defendants,* and such oral evidence, given by the loser of the verdict, will never sustain a motion n. o. v. Thus Leva offered evidence that lights and a barrier had been placed, and that the barrier and lights had disappeared some 15 minutes before the accident. But the jury was not bound to accept the testimony and it did not.

We find no fault with any of the instructions to the jury. The excerpts complained of placed before the jury the various situations which the evidence might indicate. They were entirely proper.

We find no merit in the contention of Leva that there was concurrent negligence of him and the city. Here the municipality did not create the defect, as in *Golden v. Philadelphia et al.,* 162 Pa. Superior Ct. 247, 57 A. 2d 429. The negligence was that of Leva, and the city was only liable because of its well-known duty concerning the streets.

The judgment in each appeal is affirmed.