## Fetterolf et ux. v. Levick, etc.

*S. J. Stark,* for plaintiffs.

*J. B. Martin,* for defendants.

FLOOD, J., September 24, 1952.—This is a petition for leave to serve interrogatories under Pa. R. C. P. 4005. Petitioners are defendants in an action for personal injuries growing out of an automobile collision which occurred on June 25, 1951. Plaintiffs have filed objections to each of the proposed interrogatories.

1. The first interrogatory asks for the names and home and business addresses of all eye witnesses to the accident. Plaintiff objects to the request for the business addresses of these persons on the ground that it "might result in undue harassment to the detriment of the business interests of said witnesses". It is not apparent to us that such a result should be anticipated and no reason is suggested why it should. That it "might" is speculative merely and affords no basis under rule 4011 for refusing to allow the interrogatory. It is to be noted that Pa. R. C. P. 1009(*b*) (2) (iii) permits service of process on an employe at his place of business, which was not permitted under prior law: Goodrich-Amram Civil Practice, sec. 1009(*b*) (2).

2. The fourth, seventh and eighth interrogatories are concerned with the number and frequency of plaintiffs' medical treatments. The objection that this information is immaterial to the subject matter of plaintiffs' action is lacking in substance and requires no discussion.

3. The fifth and thirteenth interrogatories inquire to what extent the medical and other expenses incurred by plaintiffs, as a result of the accident, have actually been paid. The objection to these interrogatories is likewise based on rule 4011(c) as calling for facts which "(1) are not relevant and material to the subject matter of the pending action . . .". We are in accord with the sentiment expressed by Judge Mac-Neille in Klosterman et al. v. Clark et al., 78 D. & C. 263, that "determinations of irrelevancy are not to be loosely made". Questions as to payment of medical bills cannot be excluded as irrelevant at the trial, even though they may be admissible only upon cross-examination. Here defendant asks for them presumably for cross-examination of any witness who testifies to the value of those services. This seems his right. The right of cross-examination in this general area cannot be narrowly restricted. Cf. Reed v. PTC, 171 Pa. Superior Ct. 60 (1952).

4. The tenth interrogatory asks whether plaintiffs received any salary during the period they claim they were absent from work as a result of the accident. Plaintiffs again object on the ground of irrelevance. Whether such payments, if any, are to be considered in diminution of damages depends on whether or not they represent mere gratuities from the employer: Schwoerer v. Philadelphia et al., 167 Pa. Superior Ct. 356 (1950). Since the information sought will be relevant at the trial, defendants are entitled to have it now in preparation for their cross-examination and the interrogatory is allowed.

5. Part of the information called for in the eleventh and twelfth interrogatories stands in a different light. Here plaintiffs are asked to disclose whether any workmen's or unemployment compensation was received during the period of their alleged disability following the accident. Such evidence is not admissible in miti-

gation of damages (Littman v. Bell Telephone Company of Pennsylvania, 315 Pa. 370 (1934) ; Lengle et al. v. North Lebanon Township, 274 Pa. 51 (1922) ), and we can think of no situation in which it could even on cross-examination in a properly conducted trial properly be introduced.

On the other hand, we see no objection to that part of the eleventh interrogatory which inquiries whether plaintiffs ever signed final workmen's compensation receipts. As pointed out in its brief, such information may "assist the defendant in establishing a defense on the question of the duration of any disability or inability to continue work." To this extent only, therefore, interrogatory 11 is allowed.

6. That part of the sixth interrogatory is objected to which asks plaintiffs to disclose the readings of any X-rays taken of plaintiffs following the accident. Plaintiffs' brief sets forth as the basis for their objection to this interrogatory that "no provision is made in the rules compelling either party to reveal to the other medical findings, conclusions or opinions". Rule 4005 provides that . . . "the court . . . may allow . . . interrogatories . . . to discover facts, including the existence and location of tangible things."

An X-ray reading represents nothing more than the medical opinion of the reader and is not, in our opinion, a "fact" within the contemplated meaning of rule 4005. The line between opinion and fact is often metaphysical and we do not attempt to draw it with any exactitude. But a medical opinion, purchased by plaintiff, either as part of his treatment or in preparation for trial is not such a fact as is contemplated by rule 4005. Defendants have a right to know whether X-ray studies were made and when, where and by whom they were made. It may be, although we are not called upon to decide it here, that the X-ray pictures themselves are available to defendants through the subpœna

power as a document under Pa. R. C. P. 4009.(1), at least if plaintiff refuses to submit to an X-ray. However, defendants are entitled to make their own X-ray examination of plaintiff under Pa. R. C. P. 4010 (see Myers v. Travelers Insurance Company, 353 Pa. 523, 528 (1946)), and if he refuses to submit he may be denied the right to introduce any evidence of his injuries: Pa. R. C. P. 4019(c) (2), which may be the only sanction for such refusal.

Moreover, defendant asks for all X-rays taken by plaintiff. If the X-ray reports were secured by plaintiff in anticipation of litigation, they are protected from discovery by Pa. R. C. P. 4011(e). If defendant wishes only those not so secured, he should so state in his petition.

7. As to requests 2, 3, 9-f and 14, plaintiff objects that defendant already knows the facts asked for because he learned them in the course of his doctor's physical examination of plaintiff. Plaintiff is thus saying that defendant knows these facts because plaintiff told them to him in an unsworn statement. It would be a travesty to deprive defendant of plaintiffs' sworn answer on these points to which he would be otherwise entitled by saying he knows the facts when he has plaintiff's unsworn statement to his doctor.

### Order

And now, to wit, September 24, 1952, upon consideration of defendants' petition and plaintiffs' answer thereto, the petition is granted and defendants are allowed to serve the interrogatories filed, except that (1) the last 11 words shall be deleted from the sixth interrogatory; (2) the eleventh interrogatory shall be modified to read: "Did you sign a final receipt for Workmen's Compensation benefits in connection with the injuries received in this accident, and if so, when?", and (3) the twelfth interrogatory shall be deleted.