Agger *v.* Frank Donatelli & Co., Inc., Appellant.

Argued April 17, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Zeno Fritz,* for appellant.

*Harry S. Kalson,* for appellee.

OPINION BY ARNOLD, J., October 1, 1952:

According to the complaint, this action of assumpsit was upon a contract, partly oral and partly written. The jury found for the plaintiff and defendant appealed.

The testimony shows that the defendant contended there was no contract but merely proposals and counterproposals.

The evidence would sustain jury findings that sometime in June, 1947, negotiations began between the parties for the plaintiff to manufacture an iron railing, to be erected on a job which the defendant was performing for the State Highway Department. Plaintiff was shown plans and specifications which called for galvanized fittings. In July of 1947 defendant asked plaintiff to bid for the manufacture of the railing in accordance with "sketch approved by the State Highway Department." This sketch did not indicate the type of material. Plaintiff wrote the defendant offering to furnish and erect a railing for a certain price, but stating that "since the railing is to be welded we

have figured on using black steel pipe." The welding prevented the use of galvanized fittings, but plaintiff contended that an employe of the defendant approved the use of black steel pipe and welding. Defendant denied the authority of its employe so to approve, and also denied that any approval had been given.

Plaintiff wrote defendant that it was proceeding to construct the railing and was making certain changes, but would "submit a sample of both of these pieces to them [the engineers for the Highway Department] for approval." Plaintiff's testimony that they were so approved was denied by the defendant. Upon its delivery at the job the railing was rejected by the Highway Department because the fittings were not galvanized. Thus it could not be used and the defendant had to obtain the proper railing elsewhere.

The court charged that "there is no question that a contract did exist, because the parties agree that a contract existed. . ." This was objected and excepted to by the defendant and the court refused to correct the charge, simply stating that the only question was whether or not the contract had been performed according to the terms.

Since defendant's testimony denied any contract, and since the summary which we have set forth, if believed by the jury, showed that there was no contract, this was in error and a new trial will be granted. The alleged contract was partly oral and partly written. The credibility of the witnesses was for the jury, and it was not bound to accept the plaintiff's oral testimony even though uncontradicted: *Kostello v. Kostello,* 159 Pa. Superior Ct. 194, 196, 48 A. 2d 25; *Schwoerer v. Philadelphia,* 167 Pa. Superior Ct. 356, 359, 74 A. 2d 755. If the testimony of the defendant was believed by the jury, the plaintiff's case necessarily had to fall, since there had never been an agreement or meeting

634

of the minds. This disputed issue should have been left to the jury, and the court erred in stating categorically that a contract did exist, and that the only question was performance.

The court en banc sought to sustain this erroneous charge by stating that the defendant's pleadings (as the court construed them) admitted the existence of the contract. Such construction is somewhat questionable but this is of no importance here. The pleadings were not before the jury, not having been offered in evidence or placed on record by the presiding judge in the presence of counsel: *Buehler v. U. S. Fashion Plate Co.,* 269 Pa. 428, 433, 434, 112 A. 632. This remains the law: *Discovich v. Chestnut Ridge Transportation Company,* 369 Pa. 228, 231, 232, 85 A. 2d 122.

The defendant was not entitled to its motion for judgment n.o.v. since the question was for the jury.

Judgment reversed with a procedendo.