Williams *v.* Scott-Smith Cadillac Co. et al.,
Appellants.

28

Argued September 28, 1956. Before Rhodes, P. J., Gunther, Wright, Woodside, Ervin, and Carr, JJ. (Hirt, J., absent).

*Harrison G. Kildare,* with him *Joseph W. Henderson,* and *Rawle & Henderson,* for defendants, appellants.

*John B. Hannum, 3rd,* with him *Richard J. van Roden,* for additional defendant, appellee.

Opinion by Gunther, J., December 28, 1956:

This appeal is from the refusal of the court below to grant judgment non obstante veredicto arising from a trespass action. The action was brought by Edward B. Williams against William D. Clayton and Scott-Smith Cadillac Company, seeking to recover damages for personal injuries and property loss sustained as a result of a collision between his automobile and the vehicle operated by Paul L. Moll, additional defendant

and counter-claimant in the suit. The jury returned a verdict for plaintiff, Williams, in the sum of $976.66 and a verdict in favor of counter-claimant Moll in the sum of $1458.93 against the two original defendants, William D. Clayton and Scott-Smith Cadillac Company.

Appellants, Scott-Smith Cadillac Company and William D. Clayton, filed their motion for judgment non obstante veredicto against Moll, additional defendant, to have final judgment entered jointly against Scott-Smith Cadillac Company, William D. Clayton and Paul L. Moll on the ground that Moll was negligent as a matter of law.

The only question raised on this appeal is whether the evidence adduced at the trial below conclusively bars counter-claimant Moll from recovery as a matter of law or whether the facts developed made the case a proper one for the jury to decide.

The accident occurred in Philadelphia, Pennsylvania on February 10, 1950 at approximately 10:00 A.M., when the vehicle owned by Williams and operated under the control of Clayton, an employe of Scott-Smith Cadillac Company, struck the automobile of Moll at a right angle at the crossing of 12th and Brown Streets in the City of Philadelphia. At the time of the collision Clayton was conducting a new car check-up and test run of the Cadillac which had been purchased by Williams from Scott-Smith Cadillac Company. 12th Street, at the place of the accident, is a one way street southbound, centered by a single car track of two rails, and Brown Street is a two way street running east and west. Brown street practically terminates as a highway at the juncture of 12th Street but continues as a driveway entering a Philadelphia Housing Authority project which borders on the east side of 12th Street.

12th Street is 26 feet wide and Brown Street is 24 feet wide; the sidewalks on each of the streets are 10 feet in width. The only traffic control device at the crossing is a stop sign at the southwest corner of 12th Street against Brown Street traffic headed east.

The point of impact was in the southeast corner of the intersection. Moll was operating his vehicle east on Brown Street. After stopping for the stop sign, looking north and south on 12th Street, being able to see 100 feet north and not seeing any approaching traffic, he proceeded at five or six miles per hour to cross 12th Street. When about three-fourths of the way across, he looked north on 12th Street again and noticed the vehicle operated by Clayton, which struck him a second later, although Moll swerved his car to avoid the collision. At the time of the accident, cars were parked on the west side of 12th Street and on both sides of Brown Street. The highways were dry and in good condition; it was daylight and clear although there were overhanging clouds.

The testimony of Clayton established that he was travelling, accompanied by Williams, on 12th Street at a speed of 35 to 40 miles per hour. There was other testimony to the effect that Clayton, in a statement shortly after the accident, stated he was going 40 to 45 miles per hour in a congested area of Philadelphia.

In considering the reversal of a verdict by a jury, we are required to read the record in the light most favorable to the party who gained the verdict. *Morano v. Norman,* 385 Pa. 23, 122 A. 2d 51. A judgment non obstante veredicto should be granted only where the evidence so clearly shows contributory negligence that there can be no difference of opinion as to its existence. *Jordan v. Kennedy,* 180 Pa. Superior Ct. 593, 119 A. 2d 679. Moreover, it is also clear that one is not re-

quired to anticipate and guard against the want of ordinary care of another. *Connelly v. Smith*, 384 Pa. 205, 120 A. 2d 165; *Cericola et al. v. Redmon*, 182 Pa. Superior Ct. 19, 124 A. 2d 417.

In the instant case, Moll testified that as he came to the intersection he stopped. He stated he could see about 100 feet to his left on 12th Street and that he saw no vehicles approaching. He crossed the intersection, intending to turn south on 12th Street at approximately five or six miles per hour and was about three-quarters of the way across when the Cadillac struck him. He was corroborated in this testimony by a witness who observed the accident. If Clayton was travelling only 40 miles per hour, he was travelling approximately 60 feet per second so that the jury was justified in finding that Moll did look as he entered the intersection and could see for 100 feet without seeing the car operated by appellants. And while it is true that some contradictory testimony was given by Clayton, such testimony was clearly for the jury to reconcile. *Turley v. Kothman*, 385 Pa. 27, 122 A. 2d 84.

Moll did not have a legal right to go blindly into the intersection or juncture with 12th Street, but the evidence disclosed that he did not do this. Under the circumstances of this case the question of the degree of care used in entering the intersection, or of any contributory negligence to be imputed from a failure to exercise care was properly left for the determination of the jury. See *Jordan v. Kennedy. supra.* The question of Moll's joint liability with appellants was also properly left for the consideration of the jury. *Ratcliff v. Myers*, 382 Pa. 196, 113 A. 2d 558.

Judgments affirmed.