## Anderson, Appellant, *v.* Philadelphia Transportation Company.

Argued September 10, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William H. Brown, III,* with him *Doris M. Harris,* and *Norris, Schmidt, Green, Harris & Higginbotham,* for appellant.

*Albert R. Subers,* for appellee.

OPINION BY WRIGHT, J., November 14, 1958:

On June 9, 1954, about 9:00 p.m. at the intersection of 41st and Spruce Streets in the City of Philadelphia, a Mercury sedan automobile owned and operated by Juan B. Anderson dropped into a trench which had been excavated by workmen of the Philadelphia Transportation Company for the purpose of replacing rails in the trolley tracks. Anderson instituted a trespass action against the Company for personal injuries and property damage. At the conclusion of the trial the jury returned a verdict for the plaintiff in the amount of $850.00. The defendant filed motions for judgment n.o.v. and for a new trial. The court en banc refused to enter judgment n.o.v. but granted a new trial on the ground that the verdict was against the weight of the evidence. Anderson has appealed.

The excavation in question, approximately two feet deep, was parallel to the trolley tracks in Spruce Street, running from 40th to 42nd Street in an east-

west direction. Appellant was traveling south on 41st Street. He testified that he was proceeding at a lawful speed, that the area was "heavily wooded", that he had a green traffic signal, and that he "saw no barriers, no warnings, no flares of any type". On the other hand, the Company produced three witnesses who testified that there were barricades and flares in 41st Street one block from the intersection, that there were flares along the street and at the intersection, and that the entire working area was illuminated by a string of powerful flood-lights. A cross-over wide enough for two cars to pass was provided for the convenience of local residents, but appellant's automobile apparently dropped off this cross-over.

The question involved on this appeal is whether the lower court abused its discretion in granting the Company's motion for a new trial. In *Bellettiere v. Philadelphia*, 367 Pa. 638, 81 A. 2d 857, Mr. Justice (later Chief Justice) STERN outlined the relevant principles governing appeals of this nature in the following language: "In Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530, 121 A. 333, definite principles were formulated governing the scope of appellate review of an order granting a new trial; one of the rules there laid down (p. 538, A. p. 336) was that 'whenever the reason or reasons assigned involve the exercise of discretion, the order of the trial court will not be interfered with unless a palpable abuse of power appears'. This statement, at least in substance, has been reiterated and applied in a great number of subsequent cases in this court. We have also said that 'The presumption is that the trial court was justified in granting a new trial even when the reason given therefor is an insufficient reason unless the court expressly states that it is the only reason' . . . Also that 'One of the least assailable grounds for the exercise of such power [to

grant a new trial] is the trial court's conclusion that the verdict was against the weight of the evidence and that the interests of justice therefore require that a new trial be awarded; especially in such a case is an appellate court reluctant to interfere:' Frank v. W. S. Losier & Co., Inc., 361 Pa. 272, 276, 277, 64 A. 2d 829, 831".

Counsel for appellant concedes that an order granting a new trial "will not be ordinarily interfered with", but cites a number of cases[1] in support of his contention that the instant order was erroneous. We will not burden this opinion with a discussion of these cases seriatim. Suffice it to say that they do not control the present situation. In the case at bar, the weight of the evidence on the question of liability was clearly against the appellant. The only evidence he presented on that issue was his own testimony, and the lower court considered him "obviously unworthy of belief", and his case to be of an "untrustworthy nature". The opinion below contains the following pertinent statement: "The operation conducted by the defendant was of such extensive and public a nature that had the plaintiff exercised any degree of care at all he would have observed the work going on and would have realized that he should cross the intersection with caution".

[1] *Aquadro v. Crandall-McKenzie & Henderson, Inc.*, 182 Pa. Superior Ct. 435, 128 A. 2d 147; *City Products Corp. v. Bennett Brothers*, 390 Pa. 398, 135 A. 2d 924; *Dean v. Trembley*, 185 Pa. Superior Ct. 50, 137 A. 2d 880; *Glaister v. Eazor Express*, 390 Pa. 485, 136 A. 2d 97; *Jones v. Williams*, 358 Pa. 559, 58 A. 2d 57; *Martin v. Arnold*, 366 Pa. 128, 77 A. 2d 99; *Millenson v. City Stores Co.*, 382 Pa. 39, 114 A. 2d 80; *Schwoerer v. City of Philadelphia*, 167 Pa. Superior Ct. 356, 74 A. 2d 755; *Tucker v. Tucker*, 370 Pa. 8, 87 A. 2d 650; *Walsh v. City of Pittsburgh*, 379 Pa. 229, 108 A. 2d 769; *Williams v. Scott-Smith Cadillac Co.*, 183 Pa. Superior Ct. 27, 127 A. 2d 782.

The judicial remedy adopted by the lower court was to set aside the verdict and grant a new trial. See *MacDonald v. P. R. R.*, 348 Pa. 558, 36 A. 2d 492. In the absence of an abuse of discretion, an order granting a new trial on the ground that the verdict was against the weight of the evidence will not be disturbed on appeal: *Lutz v. Force*, 185 Pa. Superior Ct. 610, 139 A. 2d 566. Our review of the record does not disclose an abuse of discretion, and we find no reason to interfere with the unanimous action of the court en banc.

Order affirmed.